TAWANDA JONES, as Personal           *        IN THE
Representative of the
Estate of Tyrone A. West
1606 East 29th Street
Baltimore, MD  21218                 *        CIRCUIT COURT
and
NASHAY WEST
1606 East 29th Street
Baltimore, MD  21218                 *        FOR
and
TYRONE WEST, JR.
1606 East 29th Street
Baltimore, MD  21218                 *        BALTIMORE CITY
and
T.W. (minor child)
By Mary Agers, as Guardian and
Next Friend                          *
311 Whiteridge Avenue
Baltimore, MD  21218

         Plaintiffs                  *

         -v-

OFFICER NICHOLAS DAVID CHAPMAN       *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                   *
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218
and                                  *
OFFICER JORGE OMAR BERNARDEZ-RUIZ
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202                 *
or
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218                 *
and

CIRCUIT COURT
BALTIMORE CITY
2014 JUN 23  PM 3: 52
CIVIL DIVISION

OFFICER MATTHEW REA CIOFFI              *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                      *
Academy Trainees
601 East Fayette Street
Baltimore, MD  21202
and                                     *
OFFICER ALEX RYAN HASHAGEN
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202                    *
or
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218                    *
and
OFFICER ERIC MAURICE HINTON
Individually and in Official Capacity
601 East Fayette Street                 *
Baltimore, MD  21202
or
Northeastern District
1900 Argonne Drive                      *
Baltimore, MD  21218
and
OFFICER CANIELLE ANGELA LEWIS
Individually and in Official Capacity   *
601 East Fayette Street
Baltimore, MD  21218
or
Northeastern District                   *
1900 Argonne Drive
Baltimore, MD  21218
and
OFFICER DERRICK DEWAYNE BEASLEY *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                      *
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218
and                                     *

OFFICER LATREESE NICOLE LEE                     *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                              *
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218
and                                             *
OFFICER DAVID LEWIS
MORGAN STATE UNIVERSITY POLICE
Individually and in Official Capacity
1700 East Cold Spring Lane                      *
Baltimore, MD  21239
and
COMMISSIONER ANTHONY W. BATTS,
Baltimore Police Department                     *
Individually and in Official Capacity as
Commissioner
601 East Fayette Street
Baltimore, MD  21202                            *
and
CHIEF LANCE HATCHER,
Morgan State University Police
1700 East Coldspring Lane                       *
Baltimore, MD  21239

      Defendants
                                                *

* * * * * * * * * * * *

## COMPLAINT AND DEMAND FOR JURY TRIAL FOR MONETARY DAMAGES FOR VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

Plaintiffs, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, Nashay

West, Tyrone West, Jr. and Mary Agers as Guardian and next of friend of T.W. (minor child), by

and through their attorneys, A. Dwight Pettit, and the Law Offices of A. Dwight Pettit, P.A., and

Allan B. Rabineau, hereby sue the Defendants, Officer Nicholas David Chapman, Officer Jorge

Omar Bernardez-Ruiz, Officer Matthew Rea Cioffi, Officer Alex Ryan Hashagen, Officer Eric

Maurice Hinton, Officer Danielle Angela Lewis, Officer Derrick Dewayne Beasley, Officer

Latreese Nicole Lee, Morgan State University Officer David Lewis, Commissioner Anthony W.

Batts, Police Commissioner for Baltimore City, and Lance Hatcher, Chief, Morgan State

University Police, for reasons state as follows:

## JURISDICTION

1.      This is an action for money damages brought pursuant under laws of the State of

Maryland, Article 24 and Article 26 of the Maryland Declaration of Rights, 42 U.S.C.

§§ 1983, 1985 and 1988, the fourth and fourteenth Amendments to the United States

Constitution, against Baltimore City Police Department Officers Nicholas David

Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen,

Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese

Nicole Lee, Morgan State University Campus Police Officer David Lewis,

Commissioner Anthony Batts, and Lance Hatcher, Chief, Morgan State University

Police, individually and in their official capacities.  Jurisdiction is based upon 28

U.S.C. §§ 1331 and 1343, and the pendent jurisdiction of this Court to entertain

claims arising under Maryland State Law.  Venue is proper under 28 U.S.C. § 1391 in

that the Plaintiffs reside in the State of Maryland, and the causes of action set forth in

this Complaint concern events that occurred in Baltimore City, Maryland.

2.      Plaintiffs have satisfied the notice of claim prerequisites to suit as specified by the

Maryland Tort Claims Act, Md. Code Ann., State Gov't Art., § 12-106, and the Local

Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Art., § 5-304.

Plaintiffs sent timely notices of their claims to the Baltimore City Solicitor, the

Maryland State Treasurer and The Baltimore Police Department, by certified mail,

return receipt requested, on September 2, 2013.

3.     It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Tyrone West, Sr. (deceased), thereby violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these individual police officer defendants assaulted and battered Tyrone West, Sr., resulting in his death, and otherwise used excessive force and unwarranted force during the course of said seizure.  It is further alleged that the defendants, Baltimore Police Commissioner Anthony Batts and Chief Lance Hatcher, Morgan State University Campus Police, failed to properly train, supervise, fire, manage and otherwise enforce policies regarding the use of force against unarmed non-custodial persons after pepper spray/mace had been deployed against said unarmed non-custodial persons.

## **PARTIES**

4.     That at all times relevant hereto, Tawanda Jones (hereinafter "Plaintiff Jones"), is the sister and Personal Representative of the Estate of Tyrone A. West.  Plaintiff Jones brings the following survival action as Personal Representative of the Estate of Tyrone A. West.

5.     Plaintiff Nashay West (hereinafter "Plaintiff Ms. West") is the daughter of Mr. Tyrone A. West and brings this action pursuit to MD Code Annotated, Court & Judicial Proceedings Article, §3-904.  Nashay West is a primary beneficiary under the Wrongful Death Statute.

6.     Tyrone West, Jr., is the son of Mr. Tyrone West; and, Tyrone West, Jr. brings this action pursuant to Md. Code, Courts & Judicial Proceedings, § 3-904.  Tyrone West, Jr., is a primary beneficiary under the Wrongful Death Statute.

7.     Plaintiff T.W. is the minor son of Tyrone West; and, is a primary beneficiary under the Wrongful Death Statute. Mary Agers is Guardian and next friend of T.W. (minor child) and brings this action pursuant to Court & Judicial Proceedings, § 3-904.

8.     That at all times relevant hereto Defendant Officers Nicholas David Chapman (hereinafter "Defendant Chapman"), Officer Jorge Omar Bernardez-Ruiz (hereinafter "Defendant Bernardez-Ruiz"), Officer Matthew Rea Cioffi (hereinafter "Defendant Cioffi"), Officer Alex Ryan Hashagen (hereinafter "Defendant Hashagen"), Officer Eric Maurice Hinton (hereinafter "Defendant Hinton"), Officer Danielle Angela Lewis (hereinafter "Defendant Lewis"), Officer Derrick Dewayne Beasley (hereinafter "Defendant Beasley") and Officer Latreese Nicole Lee (hereinafter "Defendant Lee") were Baltimore Police Department (hereinafter "BPD") officers acting under color of law as members of the Northeastern District Unit of the BPD. The aforementioned, without legal justification, stopped Tyrone West in an alleged traffic stop, assaulted Mr. West with their fists, feet and weapons, including but not limited to department issued batons, tazers, pepper spray and mace. The actions of Defendant Officers did directly and proximately cause the death of Mr. Tyrone West.

9.     That at all times relevant hereto Defendant Morgan State University Campus Police Officer David Lewis (hereinafter "MSU Officer Lewis"), along with the above named Defendant BPD Officers, acting under color of law and as a member of the Morgan State University Campus Police, kicked, punched and used department issued weapons to assault Mr. West and sat on his back, after spraying his face with pepper spray and/or mace and forcing him into a prone position, causing his death.

10.     That at all times relevant hereto Defendant Baltimore Police Commissioner Anthony Batts (hereinafter "Commissioner Batts") was the Commissioner of the BPD. He was appointed by the Mayor of Baltimore City under the advice and consent of the Baltimore City Council. The Commissioner, in his capacity as such, exercises final policy making authority for the BPD, establishes the duties, standards of conduct and discipline of officers. He establishes policies regarding hiring, screening, training, monitoring, supervision and discipline of officers employed by the BPD. At all times relevant hereto, he has acted under color of State and local law, and is joined in this complaint in his individual and official capacity. It has been widely reported in the community, by news media, about the activities and excessive force allegations against members of the BPD, including specific Defendant BPD Officers in this suit. Some resulting in settlements and awards. The commissioner is either aware of or should have been aware of these matters, and, therefore, has actual or constructive knowledge that some of his BPD officers were engaged in conduct posing a pervasive and unreasonable risk of actual harm and constitutional deprivation to citizens such as Tyrone West; Commissioner Batts' response to that knowledge was so inadequate as to constitute deliberate indifference to or tacit authorization of the alleged offensive practices; and there is an affirmative causal link between Commissioner Batts' inaction and Tyrone West's injuries and constitutional deprivations.

11.     That at all times herein, Defendant Lance Hatcher (hereinafter "Chief Hatcher") was the Chief of the Morgan State University Campus Police. The Chief, in his capacity as such, exercises final policy making authority for the Morgan State University Campus Police, establishes the duties, standards of conduct and discipline of officers.

He establishes policies regarding hiring, screening, training, monitoring, supervision and discipline of officers employed by the Morgan State University Campus Police. At all times relevant hereto, he has acted under color of State and local law, and is joined in this complaint in his individual and official capacity. It has been widely reported in the community, by news media, about the activities and excessive force allegations against police officers. Some resulting in settlements and awards. The Chief is either aware of or should have been aware of these matters, and, therefore, has actual or constructive knowledge that some officers were engaged in conduct posing a pervasive and unreasonable risk of actual harm and constitutional deprivation to citizens such as Tyrone West; Chief Hatcher's response to that knowledge was so inadequate as to constitute deliberate indifference to or tacit authorization of the alleged offensive practices; and there is an affirmative causal link between Chief Hatcher's inaction and Tyrone West's injuries and constitutional deprivations.

## FACTS COMMON TO ALL COUNTS

12. This case involves events that transpired on July 18, 2013, at or about 7:15 P.M. when Tyrone A. West was beaten to death by Defendants Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee and Morgan State University Officer David Lewis after immediately complying to a request by BPD Officers Chapman and Bernardez-Ruiz to pull over the vehicle he was operating during an alleged traffic stop (hereinafter referred to as the "stop").

13.   Defendants Chapman and Bernard-Ruiz initiated the alleged traffic stop but never articulated to Tyrone West any legal justification for stopping the vehicle West was operating.

14.   All the complained-of acts of Defendant Officers were illegal and violated West's constitutional rights.

15.   At the time of the "stop" Tyrone A. West was driving Tawanda Jones' vehicle, a 1999 green Mercedes Benz, MD tag 3AS5196 in the 5200 block of Kelway Road, in Baltimore City, with a front seat passenger, Corinthia Servance, in the car when an unmarked BPD car, driven by Defendants Chapman and Bernardez-Ruiz, acting under color of law, pulled behind Tyrone West and activated emergency lights.

16.   Tyrone West, at that time, was driving in a prudent and safe manner, obeying all traffic laws, and had not broken any laws of the road when Defendants Bernardez-Ruiz and Chapman, without probable cause, pulled Tyrone West over.

17.   Defendants Chapman and Bernardez-Ruiz's actions were in violation of the 4th and 14th Amendments to the United States Constitution.

18.   Defendants Chapman and Bernardez-Ruiz, after "the stop," then exited their vehicle, aggressively approached Tyrone West's vehicle with Defendant Bernardez-Ruiz on the driver's side and Defendant Chapman on the passenger's side of the decedent's vehicle and shouted verbal abuses to Tyrone West, including "fu\*\*ing ni\*\*er, get out of the fu\*\*ing car!" They commanded that both Tyrone West and his passenger exit the vehicle.

19.     As Tyrone West began voluntarily exiting the vehicle, Defendant Bernardez-Ruiz forced Mr. West out of the vehicle and onto the ground by dragging Mr. West out of the vehicle by his hair before Mr. West had a chance to fully comply[1].

20.     Defendant Chapman then ran to the driver's side of Mr. West's vehicle and struck Tyrone West with his department issued baton and sprayed Mr. West in the face with his department issued pepper spray/mace.

21.     Defendants Chapman and Bernardez-Ruiz both tazed Tyrone West on his neck and on the side of his abdomen while continuing to spray Mr. West in his face with their department issued mace/pepper spray.

22.     Immediately thereafter, Defendants Chapman and Bernardez-Ruiz continued their assault against Tyrone West through beatings with their batons and fists and kicking administered to his body and head.

23.     Tyrone West begged the Defendants to stop the assault on his person, and yelled, "help me, help me, somebody help me!  Please stop beating me!"

24.     Tyrone West succumbed to the show of illegal and excessive police force.  He lay on the ground exclaiming, "ahhh, you got me, stop beating me, why are you beating me, stop beating me?  My face is burning!"

25.     After approximately 15 minutes of the unprovoked assault on Tyrone West, Defendant Chapman radioed a signal 13 (officer needs assistance) as both Defendants Chapman and Bernardez-Ruiz had sprayed pepper spray so vigorously, and at a close range to Mr. West, that some had gotten on the said defendants.

---

[1] Baltimore City resident, Abduljaami Salaam, was subjected to this same illegal conduct at the hands of Defendants Chapman and Bernardez-Ruiz on July 1, 2013.  Mr. Salaam reported his incident to the Baltimore Police Department Internal Affairs.  Yet, with Mr. Salaam's complaint and knowledge that prior to BPD Officers who assaulted Mr. Salaam also, unprovoked, assaulted and battered Markita Smith and subjected her to constitutional depravations, no disciplinary action was taken against Defendant Officers Chapman and Bernardez-Ruiz.

26.   Soon thereafter, multiple BPD squad cars arrived on the scene, carrying the remaining Defendants.

27.   Defendant Besley, passenger, and Defendant Morgan State University Officer David Lewis, driver, arrived in a Morgan State University campus police car first, jumped out of their vehicle and immediately began striking West in the head with their batons.

28.   A BPD police vehicle containing Defendants Danielle Lewis (driver), Latresse Lee (front seat passenger) and Matthew Cioffi (rear seat passenger), recklessly drove up to the scene, striking the MSU vehicle from behind[2]. The Defendant officers then exited their vehicle and immediately joined the beating of Tyrone West.

29.   A third BPD marked patrol vehicle arrived behind the first BPD vehicle, carrying Defendants Hinton and Hashagen, who also immediately jumped out of their vehicle and ran to join the beating of Tyrone West.

30.   Defendant officers used their batons to strike Mr. West with so much force to his head, torso, neck, back, arms, shoulders, thighs and legs so that both subcutaneous and intramuscular bruising were visible days after his death.

31.   Ultimately, Tyrone West became unconscious from the beatings, and as his seemingly lifeless body lay on the ground, he was handcuffed behind his back, left on the concrete ground in a prone face-down position and after a few more kicks to his face while in this state, Defendant, MSU Officer Lewis sat on the back of Tyrone West intentionally restricting his breathing. Eventually West turned gray, stopped breathing and had no pulse.

---

[2] Defendant Lee reports to have hurt her back as a result of Defendant Lews' recklessly crashing into the rear of the Morgan State University Vehicle driven by Defendant MSU Officer Lewis.

32.     All Defendant Officers reported in their statements to BPD homicide or the State's Attorney for Baltimore City to have known at the time of their attack on Mr. West, that he, Mr. West, was sprayed with pepper spray.

33.     Fellow police officers washed the eyes of Defendants Chapman and Bernardez-Ruiz with water after West was sprayed multiple times with pepper spray/mace; however, no treatment was administered to West and, in fact, no call was made for a paramedic prior to his death.

34.     When Medic 13, which was dispatched for "an injured officer," finally arrived, Tyrone West's non-responsive body was taken from the scene and transported to Good Samaritan Hospital.  He was then transported to the Office of the Chief Medical Examiner at or about 9:00 a.m. July 19, 2013, 13 hours after he was pronounced dead.

35.     The Medical Examiner's Office on December 11, 2013 concluded that Tyrone West's manner of death "could not be determined" and the cause of death was "Cardiac Arrhythmia and Cardiac Conduction System Abnormality complicated by dehydration during police restraint."

36.     Prior to this brutal beating, Tyrone West was in good physical condition and had clear lungs, a normal heart size, normal sinus rhythm and no murmur, normal ECG, carotid and femoral pulses strong and symmetric, no effusions, no active boney disease, no acute disease, generally no distress, his nutrition was normal, he was not obese or malnourished; and, his hydration was normal.

37.     As a result of the unconstitutional use of force by Defendants, Tyrone West received multiple severe injuries about his body, experienced severe pain and suffering, and mental anguish resulting in death.

38.  The Baltimore Police Department and its Commissioner, Defendant Commissioner Batts, exert substantial control over the policies and practices that govern the actions of individual officers in the BPD, and their supervisors.

39.  The BPD and the Commissioner have permitted police practices and customs within the BPD which have allowed some citizens to be subjected to police brutality and in some instances death.

40.  There have been numerous examples in recent years of the BPD's intimidating witnesses, use excessive force, shooting and brutally beating citizens to near death or death, including, but not limited to the following:  a) Defendants Chapman and Bernardez-Ruiz, involved in the brutal, video-taped and highly publicized beating of Mr. Abduljaami Salaam on July 1, 2013.  Mr. Salaam's beating was reported to internal affairs; however, no disciplinary actions were taken against Defendants Chapman and Bernrdez-Ruiz.

41.  MSU Campus security and its chief of police, Lance Hatcher, exert substantial control over the policies and practices that govern actions of individual MSU campus police officers and their supervisors.

42.  In exercising such control, MSU and the Chief of Police have gathered knowledge of, or created by implication or express instruction, a police practice and custom within the MSU police department which encourages violation of constitutional rights of citizens through acts of unjustified violence, false imprisonment and in some cases death.

43.  There have been numerous examples in recent years of violence on or around the MSU campus involving MSU police officers blatant disregard for the safety of

persons on and around MSU campus, including, but not limited to the following: a) Alexander Kinyua's violent assaults and cannibal attack on and around the MSU campus in 2011 and 2012.

44.  Despite such reports, neither MSU nor Defendant Hatcher, had a use of force policy that prohibits MSU officers from dousing citizens with pepper spray, beating them brutally, then intentionally leaving them in a prone, face-down position with an adult male sitting on top of the citizen's back, restricting the citizen's ability to breach, despite such conduct widely known by law enforcement officials to certainly lead to death.  In light of such knowledge, said Defendants have chosen not to issue orders prohibiting the conduct which directly and foreseeably caused the death of Tyrone West.

**CLAIM I -- COUNT I – SURVIVAL ACTION FOR ASSAULT AND BATTERY**
**(Estate of Tyrone West v. Baltimore Officers Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee and MSU Officer David Lewis)**

45.  Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, incorporates Paragraphs 1-44 as if fully stated herein; and, brings this survival action pursuant to Estates and Trusts Art. §7-401(y).

46.  Plaintiff asserts that the Defendant Baltimore Police Officers and MSU Officer David Lewis engaged in intentional acts of unlawful conduct directed at Tyrone West, which resulted in serious injuries causing his death.

47.  Defendant Baltimore Police Officers and MSU Officer Lewis utilized unreasonable, unlawful, and excessive force by, among other things, striking Tyrone West with their fists and department issued batons, utilizing department issued tazers and department

issued mace/pepper spray, kicking with their feet and throwing Tyrone West against the concrete ground and fixed objects before and after he was restrained by handcuffs, and acting with incredible, unnecessary force by an overwhelming number of officers.

48.   Tyrone West did not consent nor provoke the described contact by Defendants Baltimore Police Officers and Defendant MSU Officer Lewis. The conduct of the Defendant Officers was without legal justification and was improperly motivated by ill will and actual malice.

49.   As a direct and proximate result of the assault and battery perpetuated by the Defendant Police Officers upon Tyrone West, Tyrone West sustained significant physical injuries, pain and suffering resulting in his death and was in other ways injured and damaged, including but not limited to medical costs.

   **WHEREFORE**, Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, claims ten million dollars ($ 10,000,000.00) in compensatory damages and 25 million dollars ($ 25,000,000.00) in punitive damages against the Defendants Chapman, Bernardez-Ruiz, Cioffi, Hashagen, Hinton, Lewis, Beasley, Lee and MSU Officer Lewis, jointly and severally and such other and further relief to which Plaintiffs may be entitled.

### CLAIM I -- COUNT II – SURVIVAL ACTION FOR FALSE ARREST
### (Estate of Tyrone West v. Baltimore Officers Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee and MSU Officer David Lewis)

50.   Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, incorporates Paragraphs 1-49 as if fully stated herein; and, brings this survival action pursuant to Estates and Trusts Art. §7-401(y).

51.    Defendant Baltimore Police Officers and Defendant MSU Officer Lewis lacked

probable cause or any legal justification to detain/arrest Tyrone West.  Tyrone West

was, nevertheless, subjected to the detention described herein by all Defendant

Officers.  The false arrest of Tyrone West by Defendant Police Officers was made

without warrant and without probable cause to support a lawful arrest.

52.    The conduct attributed to Defendant Officers demonstrated ill will, improper

motivation and actual malice on the part of the Defendant Police Officers.

53.    As a direct consequence of the acts of Defendant Police Officers described herein,

Tyrone West was deprived of his life and liberty.

**WHEREFORE**, Plaintiff, Tawanda Jones, as Personal Representative of the Estate of

Tyrone A. West, claims five million dollars ($ 5,000,000.00) in compensatory damages,  and ten

million dollars ($ 10,000,000.00) in punitive damages, against Defendants Chapman, Bernardez-

Ruiz, Cioffi, Hashagen, Hinton, Lewis, Beasley, Lee and MSU Officer Lewis, jointly and

severally, and such other and further relief to which Plaintiffs may be entitled.

## CLAIM I -- COUNT III – SURVIVAL ACTION FOR FALSE IMPRISONMENT
### (Estate of Tyrone West v. Baltimore Officers Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee and MSU Officer David Lewis)

54.    Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West,

incorporates Paragraphs 1-52 as if fully stated herein; and, brings this survival action

pursuant to Estates and Trusts Art. §7-401(y).

55.    The Defendant Officers intentionally restricted the freedom of movement of Tyrone

West.  Tyrone West was aware of this restriction and did not consent to the restriction of

his freedom of movement.

56.     Defendant Baltimore Police Officers and Defendant MSU Officer Lewis falsely imprisoned Tyrone West throughout the course of events described herein.  The instances of false imprisonment include, but are not limited to the occasion wherein Tyrone West was: (1)  restrained by Defendant Baltimore Police Officers and Defendant MSU Officer David Lewis,, (2) forcefully thrown against the ground by Defendant Baltimore Police Officers and Defendant MSU Officer Lewis, (3) held to the ground by Defendant Baltimore Police Officers and Defendant MSU Officer Lewis, (4) maced and pepper sprayed and tazed to the point of practical blindness and incapacitation by Defendant Baltimore Police Officers and Defendant MSU Officer Lewis, and (5) physically restrained until death by Defendant Baltimore Police Officers and Defendant MSU Officer Lewis.

57.     The actions of Defendant Baltimore Police Officers and Defendant MSU Officer Lewis caused Tyrone West to be unlawfully deprived of his life and liberty, unable to escape the vicious attack, and incapable of seeking life-saving and necessary medical attention.

58.     The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

**WHEREFORE**, Plaintiff Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, claims five million dollars ($ 5,000,000.00) in compensatory damages, and ten million dollars ($ 10,000,000.00) in punitive damages against Defendants Chapman, Bernardez-Ruiz, Cioffi, Hashagen, Hinton, Lewis, Beasley, Lee and MSU Officer Lewis, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

**CLAIM I -- COUNT IV – SURVIVAL ACTION FOR VIOLATION OF 42 U.S.C. § 1983—FOURTH AND FOURTEENTH AMENDMENTS; AND ARTICLES 26 AND 24 OF THE MARYLAND DECLARATION OF RIGHTS**

**(Estate of Tyrone West v. Baltimore Officers Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee and MSU Officer David Lewis)**

59.   Plaintiff Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, incorporates Paragraphs 1-75 as if fully stated herein; and, brings this survival action pursuant to Estates and Trusts Art. §7-401(y).

60.   At all times relevant to this Complaint, Tyrone West had the right afforded to him by the Fourth Amendment to the United States Constitution, applied to the State of Maryland through the Fourteenth Amendment to the United States Constitution to not have his person or property unlawfully searched, seized, detained in an unreasonable manner; not to be deprived of his life or liberty without due process of law; not to be subjected to excessive force during the course of an alleged traffic stop or an arrest; and not to be unreasonably denied necessary medical treatment.

61.   At all times relevant herein, Defendant Police Officers were acting under color of law and as members of the Baltimore Police Department or Morgan State University Campus Police in the unlawful arrest of Tyrone West.

62.   Defendant Police Officers knowingly acted to deprive Tyrone West of his Constitutional Rights set forth above maliciously and with reckless disregard.  The Defendant Police Officers also conspired with other members of the Baltimore Police Department, who were present on the scene, to act in an unlawful manner that would violate Tyrone West's Constitutional Rights set forth above.

   **WHEREFORE,** Plaintiff Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, claims ten million dollars ($ 10,000,000.00) in compensatory damages, and

20 million dollars (\$ 20,000,000.00) in punitive damages against against Defendants Chapman, Bernardez-Ruiz, Cioffi, Hashagen, Hinton, Lewis, Beasley, Lee and MSU Officer Lewis, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

### CLAIM I -- COUNT V – SURVIVAL ACTION FOR NEGLIGENT SUPERVISION, TRAINING AND RETENTION
### (Estate of Tyrone West v. Commissioner Anthony Batts, and Chief Lance Hatcher)

63.   Plaintiff Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, incorporates Paragraphs 1-62 as if fully stated herein; and, brings this survival action for Negligent Supervision and Negligent Retention pursuant to Estates and Trusts Art. §7-401(y).

64.   At all times relevant to this Complaint, Defendants Anthony Batts and Lance Hatcher had a duty, recognized by the Baltimore City Police Department General Orders, Maryland State Statute and Morgan State University Police Department Orders to supervise, properly train and discharge when necessary Defendant Police Officers to protect members of the general public including Tyrone West against unreasonable risks of harm and death while in custody;

65.   That Defendants Batts and Hatcher, despite having specific knowledge of their Defendant Officers previous excessive force complaints and in custody deaths of the citizens of Baltimore City, namely the brutal beating of Abdul Salaam on July 1, 2013 by Defendants Chapman and Bernardez-Ruiz; the killing of Anthony Anderson on September 21, 2012 by BPD Officers Michael J. Vodarick, Gregg B. Boyd and Todd A. Strohman; failed to train, supervise and discharge the Defendant Police Officers for their roles in the well-publicized beatings and custody deaths at the hands of these

and other police officers of the Baltimore Police Department and Morgan State University Campus Police force.

66.    As a direct result of Defendants Batts and Hatcher's failure to train, supervise, and/or discharge when necessary the Defendant Officers, the named Defendant Officers continued their pattern of assaulting/battering, pepper spraying, applying electro shocks to restrained persons and placing said battered, restrained, unarmed persons in a face down prone position with heavy weight on said person's back necessarily suppressing the restrained person's ability to breath.

67.    As a direct result of Defendants Batts and Hatcher's failure to train and supervise the named Defendant Officers; and /or failure to implement mandatory policies that prohibit physically dragging unarmed citizens out of their vehicles during traffic stops when unnecessary; and/or failing to implement policies that mandated Officers to render medical aid when necessary to persons in their custody, such as in the present case, Tyrone West was killed.

68.    Tyrone West's death, and violation of his constitutional rights, was a direct and inevitable result of Defendants Batts and Hatcher's failure to properly train, supervise, and discharge and /or failure to implement policies prohibiting the Defendant Officers' open and notorious previous violations of Baltimore citizens' constitutional rights.

69.    Defendants Batts and Hatcher have acted with deliberate indifference to the constitutional rights of the citizens of Baltimore with whom their officers come in contact with every day.

70.     As a direct result of Defendants Batts and Hatcher's custom of not training, supervising, failing to discharge Defendant Police Officers and/or failing to implement policies that prohibit the conduct complained of herein, despite their respective knowledge of previous instances of constitutional violations to Baltimore citizens, Tyrone West sustained serious and painful injuries and damages resulting in his death and violations of his rights under 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, claims ten million dollars ($ 10,000,000.00) in compensatory damages and twenty million dollars ($20,000,000.00) in punitive damages from Commissioner Anthony W. Batts and Chief Lance Hatcher, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

## CLAIM I – COUNT VI – FUNERAL EXPENSES

71.     The Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West incorporates herein by reference the allegations of paragraph 1 through 70 as if fully set forth herein.

72.     As a direct and proximate result of the intentional actions of all Defendants, their agents, servants and/or employees, which culminated in the death of Tyrone A. West, the plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone West, incurred funeral expenses.

73.     The death of Tyrone A. West and all of the injury, damages and losses complained of were caused solely by the negligence, gross negligence, recklessness and intentional actions of the named Defendants, their agents, servants and/or employees without any

negligence on the part of the plaintiff Tyrone A. West now deceased, thereunto contributing.

WHEREFORE, Plaintiff, Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, brings this additional count pursuant to Ann. Code of MD, Estates & Trusts Art., Section 7-401 to recover funeral expenses and claims Ten Thousand Dollars ($10,000.00) damages for the Estate of Tyrone A. West, against all Defendants, jointly and severally.

<u>CLAIM II -- COUNT I -- WRONGFUL DEATH</u>
<u>(Nashay West, Tyrone west, Jr. and Mary Agers as Guardian and next of friend of T.W.</u>
<u>(minor child) v.  Baltimore Officers Nicholas David Chapman, Jorge Omar Bernardez-</u>
<u>Ruiz, Matthew Rea Cioffi, Alex Ryan Hashagen, Eric Maurice Hinton, Danielle Angela</u>
<u>Lewis, Derrick Dewayne Beasley, Latreese Nicole Lee, MSU Officer David Lewis,</u>
<u>Commissioner Anthony Batts and Chief Lance Hatcher)</u>

74.   The Plaintiffs, Nashay West, Tyrone West, Jr. and Mary Agers as Guardian and next friend of T.W. (minor child) as children of Tyrone West reincorporate as if fully stated herein the allegations set forth in Paragraphs 1 through 73; and, brings this Wrongful Death action pursuant to Courts and Jud. Proceedings Art. §3-904.

75.   That as a direct and proximate result of Defendant officres' breach of the aforesaid duties/obligations, Defendant Officers directly and proximately caused Tyrone West to be beaten to death on July 18, 2013 at the corner of Kitmore Street and Kelway Street in Baltimore, Maryland, as civilian witnesses pleaded for the Defendant Officers to stop.

76.   That as a direct and proximate result of the intentional conduct of Defendant Police Officers, Plaintiffs Nashay West, and Tyrone West, Jr. endured emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education and guidance.

77.   That as a direct and proximate result of the intentional conduct of Defendant Police Officers, Plaintiff, T.W. (minor child) endured emotional pain and suffering, loss of

society, companionship, comfort, protection, parental care, filial care, advice, counsel, training, education and guidance and required forced mental health intervention.

78.   That all of the above damages were directly and proximately caused by the aforementioned intentional conduct of Defendant Officers and gross negligence of Defendants, Commissioner Batts and Chief Hatcher, without contribution on the part of any Plaintiff or an opportunity for any Plaintiff to avoid this incident.

**WHEREFORE**, Plaintiffs, Nashay West, Tyrone west, Jr. and T.W. (minor child), by Mary Agers as Guardian and next friend of T.W. (minor child) claim five million dollars ($5,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages against all Defendants, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

_____
A.  Dwight Pettit, Esq.
Latoya Francis-Williams, Esq.
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400

_____
Allan B. Rabineau, Esq.
Law Offices of Allan B. Rabineau
401 E. Pratt Street, Ste 2252
Baltimore, Maryland 21202
410-837-9150

*Attorney for Plaintiffs*

23

TAWANDA JONES, as Personal          *        IN THE
Representative of the
Estate of Tyrone A. West
1606 East 29th Street
Baltimore, MD  21218                *        CIRCUIT COURT
and
NASHAY WEST
1606 East 29th Street
Baltimore, MD  21218                *        FOR
and
TYRONE WEST, JR.
1606 East 29th Street
Baltimore, MD  21218                *        BALTIMORE CITY
and
T.W. (minor child)
By Mary Agers, as Guardian and
Next Friend                         *
311 Whiteridge Avenue
Baltimore, MD  21218

     Plaintiffs                      *

       -v-

OFFICER NICHOLAS DAVID CHAPMAN     *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202                *
or
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218                *
and
OFFICER JORGE OMAR BERNARDEZ-RUIZ
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202                *
or
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218                *
and

OFFICER MATTHEW REA CIOFFI                    *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                            *
Academy Trainees
601 East Fayette Street
Baltimore, MD  21202
and                                           *
OFFICER ALEX RYAN HASHAGEN
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202                          *
or
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218                          *
and
OFFICER ERIC MAURICE HINTON
Individually and in Official Capacity
601 East Fayette Street                       *
Baltimore, MD  21202
or
Northeastern District
1900 Argonne Drive                            *
Baltimore, MD  21218
and
OFFICER CANIELLE ANGELA LEWIS
Individually and in Official Capacity         *
601 East Fayette Street
Baltimore, MD  21218
or
Northeastern District                         *
1900 Argonne Drive
Baltimore, MD  21218
and
OFFICER DERRICK DEWAYNE BEASLEY *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                            *
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218
and                                           *

OFFICER LATREESE NICOLE LEE                    *
Individually and in Official Capacity
601 East Fayette Street
Baltimore, MD  21202
or                                             *
Northeastern District
1900 Argonne Drive
Baltimore, MD  21218
and                                            *
OFFICER DAVID LEWIS
MORGAN STATE UNIVERSITY POLICE
Individually and in Official Capacity
1700 East Cold Spring Lane                     *
Baltimore, MD  21239
and
COMMISSIONER ANTHONY W. BATTS,
Baltimore Police Department                    *
Individually and in Official Capacity as
Commissioner
601 East Fayette Street
Baltimore, MD  21202                           *
and
CHIEF LANCE HATCHER,
Morgan State University Police
1700 East Coldspring Lane                      *
Baltimore, MD  21239

      Defendants
                                               *
\* \* \* \* \* \* \* \* \* \* \* \*

## DEMAND FOR JURY TRIAL

     Plaintiffs, Plaintiffs, Tawanda Jones, as Personal Representative of the Estate of Tyrone

A. West, Nashay West, Tyrone West, Jr. and T.W. (minor child) by Mary Agers as Guardian and

next of friend of T.W., by and through their attorneys, A. Dwight Pettit Latoya Francis-Williams,

the Law Offices of A. Dwight Pettit, P.A., and Allan B. Rabineau, hereby demand a jury trial in

the above-captioned matter.

_A. Dwight Pettit_

A.  Dwight Pettit, Esq.
Latoya Francis-Williams, Esq.
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400

_Allan B. Rabineau_

Allan B. Rabineau, Esq.
401 E. Pratt Street, Ste 2252
Baltimore, Maryland 21202
410-837-9150

*Attorney for Plaintiffs*