# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Tawanda Jones, as Personal Representative of ) | |
| The Estate of Tyrone A. West, et al          ) | |
|                                              ) | |
| Plaintiffs,                                  ) | |
|                                              ) | |
| vs.                                          ) | Case No.: **1:14-cv-002627-ELH** |
|                                              ) | |
| Nicholas David Chapman, et al.               ) | |
|                                              ) | |
|                                              ) | |
| Defendants.                                  ) | |
|                                              ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT OFFICER DAVID LEWIS

Now come the plaintiffs, Tawanda Jones, as Personal Representative of The Estate

of Tyrone A. West Nashay West, Tyrone West, Jr., Mary Agers as Guardian and next of friend

of T.W. (minor child), by their Attorneys, and requests that Defendant David Lewis produce and

permit the plaintiff to inspect, copy and photograph all documents and things in the defendants'

possession, custody or control which embody, refer to, or relate to in any way the following subject,

other than written materials prepared in anticipation of litigation or for trial.

## INSTRUCTIONS

Pursuant to The Federal Rules of Civil Procedure, you are requested to file within thirty (30)

days a written response to each request in this document and to produce those documents for

inspection and copying.

(a)      In accordance with the Rules, your written response "shall state, with respect to each

item or category, that inspection and related activities will be permitted as requ4sted, unless the

request is refused, in which event the reasons for refusal shall be stated.  If refusal relates to part of

1

an item or category, the part shall be specified."

 (b) In accordance with the Rules, the documents shall be produced "as they are kept in the usual course of business", or you "shall organize and label them to correspond with the categories in the request."

 (c) Pursuant to the Federal Rules, these requests encompass all items within your "possession, custody or control."

 (d) Pursuant to the Federal Rules, these requests are continuing in character sop as to require you to promptly amend or supplement your response if you obtain further material information.

 (e) If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

 As used in this Request, the following terms are to be interpreted in accordance with these definitions:

 (a) The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any Court, or any other government entity.

 (b) The terms "you" or "your" include the person(s) to whom these requests are addressed and all of that person's agents or representatives or attorneys.

 (c) The term "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated if necessary by you through detection devices into reasonably usable form."

 (d) The term "occurrence" means the accident referred to in the complaint in this case.

## DOCUMENTS

1. All documents identified in your Answers to the Plaintiffs or any other party's Interrogatories.

2. All documents that relate to your Answers to the Plaintiffs' Interrogatories or that were used in the preparation of your Answers to Interrogatories.

3. All documents that relate to any defense asserted by you in this action.

4. All documents that were prepared, reviewed or relied upon by any expert that you propose to call as a witness at trial, including but not limited to, reports of such experts, notes, diagrams, photographs, drafts and working papers.

5. All documents that relate to any statements made by any person concerning the occurrence, including, but not limited to transcribed statements and testimony.

6. All written and recorded statements of this party, or of any agent, representative or employee of this party, concerning the subject matter of this action including, but not limited to, all documents that relate to any admission on the part of any party to this lawsuit.

7. All documents that relate to the identity of any witness or witnesses to the occurrence.

8. All photographs (or legible color copies of photographs), videotapes, audiotapes, x-rays, diagrams, surveys or other graphic representations or documents concerning or relating to the subject matter of this action.

9. All documents which have been recorded or reduced to writing which relate the occurrence.

3

10. All police, fire department or ambulance reports which relate to the occurrence.

11. A copy of your federal and state tax returns for the past five years.

12. All documents which you obtained under subpoena in this matter.

13. All documents concerning any release, settlement or other agreement, formal or informal, pursuant to which the liability of any person for any injury or any damage arising out of the occurrence has been limited, reduced or released in any manner.

14. Each transcript of testimony given previously in proceedings arising out of this case by each witness whom you intend to call as an expert at trial.

15. All insurance policies under which a person carrying on an insurance business might be liable to satisfy all or part of a judgment that might be entered in this action or reimburse you for payments made to satisfy such judgments and any agreements under which any other individual or municipality may be responsible for such payment or reimbursement.

16. Any and all of the following documents which relate to this case:

    a. All transcripts and tapes

    b. Switchboard logs

    c. Memo books (include the back side of the pages)

    d. Complaint reports (drafts and finals)

    e. "Unusual" reports

    f. AIDED reports

    g. Witness statements

    h. Line of duty injury reports

    i. Firearms discharge reports

    j.      Arrest reports

    k.      Booking paperwork

    l.      Crime scene unit records

    m.      Patrol Guide (also detective, administrative, and other guides)

    n.      Personnel files – (disciplinary and performance evaluation information)

    o.      Civilian Complaint Review Board files

    p.      Internal Affairs Bureau files

    q.      Investigation hearings (either taped or otherwise transcribed)

    r.      Roll call records

    s.      Training records

    t.      Any and all radio communications, run sheets, videotapes and audiotapes

17. All documents and tapes relating to the investigation of the incident with the Plaintiff, Tyrone West (deceased), as well as the medical care and attention rendered to him.

18. All memos, reports, and/or correspondence prepared by you or on your behalf in connection with any investigation in which you have engaged in this matter.

19. All memos, reports, and/or correspondence received by you or on your behalf in connection with any investigation conducted on this case.

20. Copy of entire your police department employment file including, but not limited to applications for employment, background investigation, tests taken, training, efficiency reports, behavioral profile, psychological profile, awards, applications for promotions, basis for promotion, and complaints.

21. All oral, written or recorded statements made by any witness or party concerning the

detention of Plaintiff Tyrone West (deceased).

22. Copies of all non-privileged statements made by you related to the incident involving Plaintiff.

23. All police reports and any other reports concerning investigations of the incident involving Plaintiff.

24. Copies of any and all internal complaints and/or grievances made against you or any other officers on the scene at the time of the incident.

25. Copies of any and all training materials relied upon in your police training concerning the investigation of an officer's use of force.

26. Copies of any and all internal and external investigations that have taken place regarding the incident, specifying the date, nature and person(s) conducting such investigations and the whereabouts of all associated reports.

27. Copies of any and all executive, administrative and/or legal orders regarding your conduct as a police officer.

28. Copies of any and all investigative and evaluation reports regarding you.

29. Copies of any and all documents received from the State's Attorney's Office regarding this case.

30. Copies of any and all materials setting forth the orders of procedure for the possession of firearms during training exercises.

31. Copies of any and all materials which set forth the procedure to be followed in any and all training exercises concerning the plaintiff.

A.   DWIGHT PETTIT
LATOYA FRANCIS-WILLIAMS
A.  Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*

ALLAN B. RABINEAU
Law Office of Allan B. Rabineau
401 E. Pratt Street, Suite 2252
Baltimore, Maryland 21202
(410) 837-9150
*Attorneys for Plaintiffs*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Tawanda Jones, as Personal Representative of )
The Estate of Tyrone A. West, et al )
                                    )
           Plaintiffs, )
                                      )
vs.                              )   Case No.: **1:14-cv-002627-ELH**
                                      )
Nicholas David Chapman, et al. )
                                      )
                                      )
           Defendants. )
                                      )

## **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT CHIEF LANCE HATCHER**

      Now come the plaintiffs, Tawanda Jones, as Personal Representative of The Estate of Tyrone A. West Nashay West, Tyrone West, Jr., Mary Agers as Guardian and next of friend of T.W. (minor child), by their Attorneys, and requests that Defendant Chief Lance Hatcher produce and permit the plaintiff to inspect, copy and photograph all documents and things in the defendants' possession, custody or control which embody, refer to, or relate to in any way the following subject, other than written materials prepared in anticipation of litigation or for trial.

## **INSTRUCTIONS**

      Pursuant to The Federal Rules of Civil Procedure, you are requested to file within thirty (30) days a written response to each request in this document and to produce those documents for inspection and copying.

      (a)      In accordance with the Rules, your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requ4sted, unless the request is refused, in which event the reasons for refusal shall be stated. If refusal relates to part of an item or category, the part shall be specified."

      (b)      In accordance with the Rules, the documents shall be produced "as they are

kept in the usual course of business", or you "shall organize and label them to correspond with the categories in the request."

(c)     Pursuant to the Federal Rules, these requests encompass all items within your "possession, custody or control."

(d)     Pursuant to the Federal Rules, these requests are continuing in character sop as to require you to promptly amend or supplement your response if you obtain further material information.

(e)     If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in this Request, the following terms are to be interpreted in accordance with these definitions:

(a) The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any Court, or any other government entity.

(b) The terms "you" or "your" include the person(s) to whom these requests are addressed and all of that person's agents or representatives or attorneys.

(c) The term "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated if necessary by you through detection devices into reasonably usable form."

(d) The term "occurrence" means the accident referred to in the complaint in this case.

2

**DOCUMENTS**

1.      All documents identified in your answers to this party's Interrogatories.

2.      All documents identified in your answers to the Interrogatories of any other party.

3.      All written reports of each person whom you expect to call as an expert witness at trial.

4.      The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

5.      All notes, diagrams, photographs, or other documents prepared or reviewed in connection with their assignment in this case by each person whom you expect to call as an expert witness at trial.

6.      All drafts, working papers, or documents generated by each witness, whom you intend to call as an expert at trial, in connection with the opinions and subjects on which the witness is expected to testify.

7.      Each publication or paper that was written or worked on by each witness whom you intend to call as an expert at trial, and which refers or relates to the opinions and subjects in which the witness is expected to testify.

8.      Each transcript of testimony given previously in proceedings arising out of this case by each witness whom you intend to call as an expert at trial.

9.      All written or recorded statements of the plaintiffs, or of any agent, representative or employee of the plaintiffs, concerning the subject matter of this action.

10.     All documents concerning any release, settlement or other agreement, formal or informal, pursuant to which the liability of any person for any injury or any damage arising out of the occurrence has been limited, reduced or released in any manner.

11.     All insurance policies under which a person carrying on an insurance business might be liable to satisfy all or part of a judgment that might be entered in this action or reimburse you for payments made to satisfy such judgments and any agreements

3

under which any other individual or municipality may be responsible for such payment or reimbursement.

        12.    All photographs, videotapes or audiotapes, x-rays, diagrams, surveys or other graphic representations of information concerning the subject matter of this action.

        13.    A copy of your federal tax returns for each of the last 5 years.

        14.    Any and all of the following documents which pertain to this case:

        a.    phone/dispatch report(s), transcripts and tapes

        b.    Switchboard logs

        c.    Memo books (include the back sides of the pages)

        d.    Complaint/use of Force reports (drafts and finals)

        e.    "Unusual" reports

        f.    AIDED reports

        g.    Witness statements

        h.    Line of duty injury reports / Worker Comp Complaints

        i.    Accident Investigation Unit Reports

        j.    Arrest reports

        k.    Booking paperwork

        l.    Crime scene unit records

        m.    Patrol Guide (also detective, administrative and other guides)

        n.    Personnel files - disciplinary and performance evaluation information for all Defendants

        o.    Civilian Complaint Review Board files

        p.    Internal Affairs Bureau files

        q.    Investigation hearings (either taped or otherwise transcribed)

        r.    Roll call records

        s.    Training records

        15.    All police communication tapes relating in any way to the incident at issue in

this case, including but not limited to, the incoming call, dispatch, and all subsequent communications between police officers and police communications.

16.    All documents and tapes relating to the investigation of the incident at issue in this case.

17.    All memos, reports and/or correspondence prepared by you or on your behalf in connection with any investigation in which you have engaged in this matter.

18.    All memos, reports and/or correspondence received by you or on your behalf in connection with any investigation conducted on this case.

19.    Copy of entire police department employment files of the individual defendant officers, including but not limited to applications for employment, background investigation, tests taken, training, efficiency reports, awards, applications for promotion, basis for promotion, complaints, incident reports and involvement in other allegations of excessive force.

20.    All oral or recorded statements made by any witnesses concerning the incident at issue in this case.

21.    Copy of all statements made by any of the individual defendant officers concerning the injury to Tyrone West and post arrest activities related to the arrest of and continued restraint of Tyrone West.

22.    All reports and statements made by paramedics and other individuals concerning attempts to render medical care to Tyrone West after he was taken into custody.

23.    Copy of any documents charging or granting immunity to any of the individual defendant officers with a violation of any laws in regard to the death of Tyrone West.

24.    All Morgan State University Campus Police reports and any other reports concerning investigations of the death of Tyrone West.

26.    All training books and manuals which relate to the type of training defendant officers undertake through your police department regarding the use of pepper spray on

persons in custody.

27. Copies of any and all legislative enactments, executive orders, internal memorandums, and administrative orders regarding an officer's possession and usage of placing persons in custody in a prone position after being sprayed with pepper spray as identified in these proceedings.

28. Attach a list of any and all internal and external investigations that have taken place regarding the incident, specifying the date, nature and person(s) conducting such investigations and the whereabouts of all associated reports and report completion dates.

29. Any and all documents which support your claim that the plaintiff, Tyrone West, assumed the risk of his injuries.

30. Any and all documents which support your claim that the plaintiff, Tyrone West (deceased), was caused his own injuries and ultimate death.

31. Any and all documents which support your claim that the Plaintiffs fail to state a claim upon which relief can be granted.

32. Any and all documents which support your claim that the Plaintiffs' claims are barred by governmental immunity.

33. Any and all agreements between the Baltimore Police Department and/or Morgan State University Campus Police permitting officers from each agency to act in concert to effectuate and arrest or carry out police duties.


A.   DWIGHT PETTIT
LATOYA FRANCIS-WILLIAMS
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*

6

ALLAN B. RABINEAU
Law Office of Allan B. Rabineau
401 E. Pratt Street, Suite 2252
Baltimore, Maryland 21202
(410) 837-9150
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Tawanda Jones, as Personal Representative of )
The Estate of Tyrone A. West, et al )
                                  )
            Plaintiffs, )
                                  )
      vs. )     Case No.: **1:14-cv-002627-ELH**
                                  )
Nicholas David Chapman, et al. )
                                  )
                                  )
          Defendants. )
_____ )

### INTERROGATORIES PROPUNDED TO DEFENDANT MORGAN STATE UNIVERSITY CAMPUS POLICE OFFICER DAVID LEWIS

TO:         Morgan State University Campus Police Officer David Lewis
                 (to be answered separately and individually)

FROM:     Tawanda Jones, as Personal Representative of The Estate of Tyrone A. West
Nashay West, Tyrone West, Jr., Mary Agers as Guardian and next of friend of T.W. (minor
child), Plaintiffs

### INSTRUCTIONS

Pursuant to the Federal Rules of Civil Procedure, you are required to answer the following
Interrogatories within 30 days or within the time otherwise required by Court order.

(a)     In accordance with Federal Rules, your response shall set forth the interrogatory, and
shall set forth the answer to the interrogatory separately and fully in writing under oath or shall state
fully the grounds for refusal to answer any interrogatory. The response shall be signed by you.

(b)     Also in accordance with the Federal Rules, your answers shall include all
information available to you directly or through agents, representatives, or attorneys.

(c)     Pursuant to the Federal Rules, these interrogatories are continuing. If you obtain
further material information before trial you are required to supplement your answers promptly.

(d)     If pursuant to the Federal Rules, you elect to specify and produce business records of
yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the
interrogating party to locate and identify the records from which the answer may be ascertained.

(e)     If you perceive any ambiguities in a question, instruction, or definition, set forth the
matter deemed ambiguous and the construction used in answering.

**DEFINITIONS**

(a)     Document includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)     Identify, identity, or identification, (1)  when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

(c)     Person includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

(d)     The term "occurrence" unless otherwise indicated, means the event complained of in the pleadings.

(e)     The phrase "in, a, the, or that" vehicle includes entering, exiting, and being in or on a vehicle.

(f)     The term "possession" includes possession, custody or control.

1.     Fully identify yourself, stating your full name, all names by which you have been known, current home address and former home addresses for the three (3) years preceding your answers to these Interrogatories and the dates of residence thereof, business address, date and place of birth, height and weight (now and at the time of the occurrence), social security number, marital status, driver's license number, employer and badge number, if any.

2

2.      State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, and all law enforcement training, including any seminar or training that might be characterized as "on the job" or "in service training." For each, set forth the following:  (a) the nature, substance, and description of the training you received, including the dates of the period during which you received training; (b)  the name and address of each and any program or specialized school you attended to receive such training; (c) the dates of attendance at each such program or specialized school; (d) the nature and substance of the training offered at each such program or specialized school; and (e) the degree or certificate, if any, that you received from each such program or specialized school.

3.      State all prior experiences that you had in law enforcement prior to becoming an employee of the Morgan State University Campus Police Department, including but not limited to, the names, dates, and places of any courses or training in law enforcement which you received as well as any physical, psychological and academic training or testing to which you were subject prior to or during your employment with the Morgan State University Campus Police.

4.      State whether you have possession or knowledge of any recordings or transcripts of testimony in any proceeding arising out of the occurrence including, but not limited to, statements or testimony given to Internal Affairs/Internal Investigations or at trial or other recorded statements.  If so, state the date and subject matter, and identify each person who recorded the statement or testimony and the custodian of each recording or transcript.

5.      If you claim that there are witnesses or other persons who support any of the defenses raised in your Answer to Plaintiffs' Complaint, identify each such person, other than

3

those intended to be called as an expert at trial, and state the subject matter of the information

possessed by that person.

6.      State the names, addresses, dates of employment, duties of employment, and

reasons for resignation or termination of all your employers for the past ten (10) years.

7.      Identify all photographs, videotapes, plats, displays, diagrams, schedules, reports,

inventories, digital displays, or other depictions and/or descriptions of the scene or of things

connected with the occurrence that are in your possession or control, your employer's possession

and/or your attorney's possession or control.  To the extent that you and/or your attorneys have

possession, control, access to and/or custody of any such photographs, videotapes, plats,

displays, diagrams, schedules, reports, inventories, digital displays, or other depictions and/or

descriptions of the scene or of things connected with the occurrence, please attach any such non-

privileged documents identified herein and provide a privilege log for any such documents you

contend are privileged.

8.      Identify all persons, including yourself or other police officers, who have

 given you or any Police Department "statements" (oral or written) as that term is identified in

Maryland Rule 2-402(d), concerning the subject matter of this action.  For each statement, state

the date on which it was given, the nature, substance and a description of the statement, the

names and addresses of all persons who were given, have seen and/or received copies of the

statement, and identify the present custodian.

9.      Identify each person whom you expect to call as an expert witness at trial, state

the subject matter on which the expert is expected to testify, state the substance of the findings

and the opinions to which the expert is expected to testify and a summary of the grounds for each

4

opinion, and attach to your answers any written reports made by the expert pertaining to those findings and opinions.

10.     If you intend to rely upon any documents or other tangible things in support of your defense to this action, including any defense alleged in your Answer, provide a brief description by category and location of all such documents and other tangible things, and identify all persons having possession, custody or control of them.  With regard to any such documents and/or tangible things that you believe are privileged, please attach hereto a Privilege Log that identifies each such document or other tangible thing and the privilege claimed in reference thereto.

11.     State whether at any time during the fifteen year period preceding the date of your answers to these interrogatories or currently, you have been the subject of or defendant in any inquiry, complaint, disciplinary action, administrative action or of a lawsuit, either civil or criminal, other than a minor traffic offense.  If so, for each instance state (a) the nature, substance, date filed, case number or reference, outcome, and description of the inquiry, complaint, disciplinary action, or other action; (b) the name, address, and telephone number of each complainant/plaintiff; (c) the court, agency or other entity in which the inquiry, complaint, disciplinary action, administrative action or lawsuit took place; and (d) if the action or lawsuit resulted in a finding of guilty, state the amount of any fine and the date and length of any incarceration imposed.  For purposes of this interrogatory, a finding of guilty includes a plea of *nolo contendere* or probation before judgment, whether or not a sentence was suspended. **(If you claim that any information requested in this Interrogatory is privileged from disclosure, set forth the specific item and privilege asserted by you with regard to that item.)**

12.     State whether any disciplinary proceedings (including, but not limited to, Trial Board, CEB, or IAD proceedings) have been brought against you as a result of this and/or any other occurrence.  If so, please identify the name, caption, date and nature of any such proceeding with enough specificity for Plaintiff to formulate a subpoena duces tecum to the Baltimore Police Department or the Morgan State University Campus Police.  **(If you claim that any information requested in this Interrogatory is privileged from disclosure, set forth the specific item and privilege asserted by you with regard to that item.)**

13.     Please describe any and all investigatory measures taken by you in reference to the incident complained of in the pleadings.  Include, but do not limit your answer to, any witness interviews or transcripts conducted or reviewed by you, expert consultations, any sketches/diagrams made or photographs taken of the scene.

14.     If you have ever testified as a witness or deponent in any litigation or other action involving police misconduct, excessive use of force, brutality or harassment, identify the name or style of the action, the case reference number, the jurisdiction in which the action was initiated, the date of your testimony and the person or persons known to you who presently have custody of the transcript of your testimony.

15.     Identify all persons and officers of the Morgan State University Campus Police and/or other agencies (including Baltimore Police Department), if any, who were present for, involved with, or participated in the incident in any way.  For each such person, set forth the person's name and address, the nature and substance of the person's conduct, including, but not limited to, verbal statements to and physical contact with the Plaintiff, Tyrone West (Deceased), a description of the movements of such persons from the time leading up to the incident, as well

6

as any and all events taking place thereafter, and what you believe those persons observed with respect to the occurrence.

16.     Did you make any verbal or written report, statement, memorandum or application to anyone about the incident and/or subsequent investigation of the incident?  If so, set forth (a) the nature and substance of each such report, including the date, time and place you made each such report; and (b) the identity of the present custodian of each such report.  If any such report, statement, memorandum or application is within your or your attorney's possession, custody, access or control, please attach copies to your answers to these interrogatories.

17.     State the names and addresses of all persons not otherwise mentioned in your answers to these interrogatories having personal knowledge or information of facts material to this incident.

18.     Describe in detail your account of any and all events related to the incident described in the Complaint.  In your answer, give a detailed description setting forth all interaction you had with Plaintiff, Tyrone West (deceased):  (a) on the day of the occurrence; and (b) prior to the day of the occurrence.

19.     If you allege that you did not cause Plaintiff Tyrone West (deceased) injuries, please identify each and every witness, each and every document and describe each and every fact supporting such allegation including the name of any person or co-defendant you believe caused Plaintiff West to sustain injuries.

20.     If you contend that you had a legally justifiable reason for injuring Plaintiff West, please identify each and every witness, each and every document, and describe each and every fact supporting any such allegation.

21.     Under whose authority were you authorized to conduct the law enforcement actions you took on July 18, 2013, at which time the plaintiff, Tyrone West (deceased), was a placed into the custody of law enforcement.  Include in your response all commands given to you on the day in question and immediate 24 hours thereafter.

22.     If the authorization referred to in the previous Interrogatory was contained in any written form, identify the date of the writing(s), the nature of the document(s), and whose signature(s) appeared on said document(s).

23.     State in detail how you become involved with Tyrone West (deceased) on the day of the incident.  Include in your response exactly what you heard, saw and did from the time you arrived on the scene to 24 hours after the incident at issue in this case.

24.     Identify any agreements either oral or in writing between the Baltimore Police Department and the Morgan State University Campus Police Department regarding law enforcement powers, duties, command structure and collaborative efforts to effectuate the arrest of a suspected violator of the law.

25.     Describe any arrangements between the Baltimore Police Department and the Morgan State University Campus Police for which officers of the Morgan State University Campus Police assist in arresting or detaining a person in Baltimore Police Department Custody.

        (a)     if the arrangements were documented by any written document, describe in detail the written document and attach a copy to your answers to these interrogatories,

        (b)     if the arrangements were oral, state by whom the arrangements were made and

        (c)     if there was any monetary compensation for the training, please describe in detail.

26.     Describe in detail the training you received on the use of pepper spray while

effectuating the arrest of a person.  Include in your response the date(s) of said training, what portion of your training, if any, included <u>mandatory</u> actions to be taken by you as a police officer before, during and after the use of pepper spray as the person sprayed by said pepper spray.

27.     Describe what steps, if any, you took to de-escalate the incident upon your arrival at Kitmore Road and Kelway Road.

28.     Describe your physical contact with Tyrone West (deceased) on the day of the incident complained of in Plaintiffs' pleading . Include in your response the number of times, if any, you struck Tyrone West (deceased), with what objects/instruments/body parts you used to strike Mr. West (deceased) and whether (and to whom) you ever reported being injured as a result of this incident.

A.  DWIGHT PETTIT
LATOYA FRANCIS-WILLIAMS
Law Office of A.  Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*

ALLAN B. RABINEAU
Law Office of Allan B. Rabineau
401 E. Pratt Street, Suite 2252
Baltimore, Maryland 21202
(410) 837-9150
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Tawanda Jones, as Personal Representative of ) | |
| The Estate of Tyrone A. West, et al ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: **1:14-cv-002627-ELH** |
| ) | |
| Nicholas David Chapman, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **INTERROGATORIES**

TO:        Chief Lance Hatcher, Defendant

FROM:        Plaintiff, Tawanda Jones, as Personal Representative of The Estate of Tyrone A. West, Nashay West, Tyrone West, Jr., Mary Agers as Guardian and next of friend of T.W. (minor child), Plaintiff(s)

## INSTRUCTIONS

Pursuant to the Federal Rules of Civil Procedure, you are required to answer the following Interrogatories within 30 days or within the time otherwise required by the Court order or by the Federal Rules:

(a)        In accordance with the Federal Rules of Civil Procedure, your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory separately and fully in writing under oath or shall state fully the grounds for refusal to answer any interrogatory. The response shall be signed by you.

(b)        Also in accordance with the Federal Rules, your answers shall include all information available to you directly or through agents, representatives, or attorneys.

(c)        Pursuant to the federal Rules, these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly.

(d)        If pursuant to the Federal Rules, you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the

answer may be ascertained.

(e)     If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

DEFINITIONS

(a)     Document includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)   Identify, identity, or identification, (1)  when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

(c)     Person includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

(d)     The term "occurrence" unless otherwise indicated, means the event complained of in the pleadings.

(e)     The term "possession" includes possession, custody or control.

1.     State all names by which you have been known, your date of birth, your marital status, social security number, and the identity of your spouse.

2.     State all addresses at which you have resided for the past five years and the dates thereof.

3.     State the names, addresses, dates of employment and reasons for resignation and/or termination of all employers for the past 10 years.  With regard to your employment

2

with the Morgan State University Police, give a detailed description of such employment, including the date of entry, graduation from the academy, duty assignments, and ranks achieved.

4.      Identify all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the occurrence that are in your possession.

5.      Identify all persons, including yourself or Morgan State University Police officers, who have given you or the Baltimore Police Department "statements," as that term is defined in the Federal Rules, concerning the action or its subject matter.   For each statement, state the date on which it was given, the names and addresses of all persons who have seen and/or received copies of the statement, and identify the present custodian.

6.      State whether you have possession or knowledge of any recordings or transcripts of testimony in any proceeding arising out of the occurrence.  If so, state the date and subject matter, and identify each person who recorded the testimony and the custodian of each recording or transcript.

7.      Identify each person, other than a person intended to be called as an expert at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

8.      Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written reports the expert made pertaining to those findings and opinions.

9.      If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

3

10.     List each position you have held with the Morgan State University police or other police departments and include the dates during which you held the position, your rank at the time, the dates of promotion and your responsibilities.

11.     Identify by name and rank all police personnel in the chain of command above you and below you during 2012, 2013, 2014 and 2015.

12.     If you have ever been a party to any litigation, including but not limited to, any litigation involving the Morgan State University Police, identify the date the action was filed, the jurisdiction in which it was filed and the case number and/or reference.

13.     If you have ever testified as a witness or deponent in any litigation involving the Baltimore Police Department, or any Morgan State University Police officer identify the name or style of the action, the case reference number, the jurisdiction in which the action was initiated, the date of your testimony and the person or persons known to you who presently have custody of the transcript of your testimony.

14.     State whether you directly or indirectly, verbally or in writing, authorized the use of pepper spray and subsequent in custody prone position restraint as the one complained of in these proceedings.

15.     State what, if any, part you played in both internal and external interviews and/or investigations of any of the officers involved with regard to this incident.

16.     If you had any occasion to investigate any of the individual defendant officers regarding any other criminal allegations including, but not limited to, domestic violence, prior to, during or following the incident, specify the dates, nature of your findings and disciplinary actions taken.

17.     If any time prior to, during or after the incident, any of the individual defendant officers was inactive, off-duty, on probation and/or relieved of his firearm, specify the dates, duration, nature and the names and addresses of the persons authorizing same.

18.     State in detail the nature of your relationship with the individual defendant officers, specifying whether you are personal friends or acquaintances and whether you had

occasion to train and/or supervise them.

19.     If during the length of any of the individual defendant officers' employment with the Baltimore Police Department or Morgan State University Police, you had occasion to evaluate his/their performance and/or conduct, specify the dates, reasons and findings of same.

20.     State in detail the scope of your professional input regarding internal policies governing the Morgan State University Police Use of Pepper Spray and the Use of the prone position on an in-custody person sprayed with Pepper Spray.

21.     If the Defendant Officers were authorized to place Plaintiff West (deceased) in a prone position with an adult male, Morgan State University police Officer David Lewis, sitting on his back, at the time of the incident, indicate the name and address of the person(s) making such authorization.

22.     If you had any communications, written or oral, with any city official outside of the Police Department or any person within the Police Department, concerning any of the individual defendant officers from the date of their employment to the present, inclusive of any and all suspension and/or revocation of police powers, specify the date, person with whom you communicated and whether the communication was written or oral.

23.     If you had any communications with any city official, his or her representative, or any person outside of the Baltimore Police Department or Morgan State University Police Department or with any person within the Police Departments in regard to the Police Review Board, including, but not limited to, the suspension thereof, specify the date, person with whom you communicated and whether the communication was written or oral.

24.     State the names and addresses of all persons, not otherwise mentioned in your answers to these interrogatories having personal knowledge or information of facts material to this case, include in your response all persons in the State's Attorney's Office for Baltimore City and all civilian witnesses.

A.  DWIGHT PETTIT
LATOYA FRANCIS-WILLIAMS
A.  Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*

ALLAN B. RABINEAU
401 E. Pratt Street, Suite 2252
Baltimore, Maryland 21202
(410) 837-9150
*Attorneys for Plaintiffs*

6