**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TAWANDA JONES,** *et al.*, | * | |
| **Plaintiffs,** | * | |
| **vs.** | * | **Case No. 1:14-cv-002627-ELH** |
| **OFFICER NICHOLAS CHAPMAN,** *et al.*, | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' THE
BALTIMORE POLICE DEPARTMENT AND COMMISSIONER
ANTHONY BATTS MOTION TO BIFURCATE
AND TO STAY DISCOVERY**

## I.    INTRODUCTION

The above-captioned case is a civil rights action under 42 U.S.C. § 1983 ("§ 1983"), and it involves the death of Tyrone A. West while in police custody in Baltimore, MD on July 18, 2013. *See ECF Paper No. 33, Amended Complaint*. The Complaint names the following parties as Defendants in this matter: (1) Officer Nicholas David Chapman ("Officer Chapman"); (2) Officer Jorge Omar Bernardez-Ruiz ("Officer Bernardez-Ruiz"); (3) Officer Matthew Rea Cioffi ("Officer Cioffi"); (4) Officer Alex Ryan Hashagen ("Officer Hashagen"); (5) Officer Eric Maurice Hinton ("Officer Hinton"); (6) Officer Canielle Angela Lewis ("Officer Lewis"); (7) Officer Derrick Dewayne Beasley ("Officer Beasley"); (8) Officer Latreese Nicole Lee ("Officer Lee"), collectively the "Officer Defendants"; Officer David Lewis with Morgan State University Police ("MSU Officer Lewis"); (9) MSU Chief of Police Lance Hatcher ("Chief Hatcher"), collectively ("the MSU Defendants"); and (9)

former Baltimore Police Department ("BPD")   Commissioner Anthony W. Batts

("Commissioner Batts"), both in his individual capacity and his official capacity.[1]; and.

*ECF Paper No. 2, Complaint, pages 3-4.* The gravamen of Plaintiff's claims against

former Commissioner Batts is that he:

> …has actual or constructive knowledge that some of his
> BPD officers were engaged in conduct posing a pervasive
> and unreasonable risk of actual harm and constitutional
> deprivation to citizens such as Tyrone West;
> Commissioner Batts' response to that knowledge was so
> inadequate as to constitute deliberate indifference to or
> tacit authorization of the alleged offensive practices; and
> there is an affirmative causal link between Commissioner
> Batts' inaction and Tyrone West's injuries and
> constitutional deprivations.

*ECF Paper No. 2, Complaint page 7, ¶ 10.*

The Complaint alleges the following causes of action: (1)  § 1983 claims under

the Fourth and Fourteenth Amendments of the U.S. Constitution, based on negligent

supervision, training and retention, as well as a custom or policy of deliberate

indifference to the use of excessive force by BPD officers; and (2) supplemental

Maryland common law and statutory claims against former Commissioner Batts under

Articles 24 and 26 of the Maryland Declaration of Rights, the Estates and Trusts Article,

Section 7-401, of the Annotated Code of Maryland (wrongful death and survivorship),.

*See ECF Paper No. 33, Amended Complaint.*

---

[1] It is well settled law that a § 1983 claim against Commissioner Batts in his "official capacity,"  in reality,
is a claim against the BPD itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.
Ed. 2d 114 (1985)("As long as the government entity receives notice and an opportunity to respond, an
official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")(citation
omitted).

Case 1:14-cv-02627-ELH   Document 69-1   Filed 08/03/16   Page 3 of 15

On July 24, 2015, this Court substantially paired down the §1983 *Monell* and §1983 supervisory claims[2] against Defendants' the BPD ("BPD") and former Commissioner Batts to a single legal theory, policy or custom of deliberate indifference to excessive force. *See ECF Paper No. 28, Memorandum Opinion, pp. 23-33; ECF Paper No. 29, Order, dated July 24, 2015.* Defendants, BPD and former Commissioner Batts have filed a motion, pursuant to Fed.R.Civ.Proc. 42(b) ("Rule 42(b)"), as well as and Fed.R.Civ.Proc 26(d) ("Rule 26(d)") to: (1) bifurcate the trial of the Plaintiffs' claims against the Officer Defendants, as well as MSU Defendants from the claims against BPD and former Commissioner Batts; and (2) to stay 42 U.S.C. § 1983 *Monell* discovery against the BPD and former Commissioner Batts pending the resolution of the Plaintiffs' claims against the other defendants. As demonstrated more fully below, a bifurcation of the trial and stay of discovery against BPD and former Commissioner Batts will substantially decrease the risk of prolonged and burdensome litigation, will conserve judicial resources, will serve as a more effective method of testing the sufficiency of the Plaintiffs' claims, and lastly, will protect against the possibility of prejudice against all parties.. Therefore, the Court should grant the Rule 42(b) motion to bifurcate as well as the Rule 26(d) motion to stay discovery.

## II.  <u>STATEMENT OF FACTS</u>

Plaintiffs are the following parties: (1) Tawanda Jones, Personal Representative of the Estate of Tyrone A. West, Sr. ("West Estate"); (2) Nashay West; Tyrone West, Jr.;

---

[2] A " §1983 *Monell* claim" refers to the well established Supreme Court precedent authorizing civil rights lawsuits under §1983 against municipalities, where an official policy or custom of the municipality causes a constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A "§1983 supervisory clam" refers to allegations that a supervisory directly participated in unconstitutional conduct or tacitly authorized, via deliberate indifference, unconstitutional conduct by subordinates. *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), (*quoting Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984))

and T.W., minor child, by Mary Agers, as Guardian and next of friend of T.W. *See ECF Paper No. 33, Amended Complaint.* As stated earlier, their §1983 *Monell* and supervisory claims against BPD and former Commissioner Batts have been reduced the single allegation of whether they engaged in a "policy or custom of deliberate indifference to excessive force." *ECF Paper No. 2, Complaint ¶ 10, 65-68*; *see also ECF Paper Nos. 28, 29. Memorandum Opinion and Order, dated July 24, 2015.*

## III.    STANDARD OF REVIEW

Rule 42 sets forth, in plain and unequivocal language, the standard that this Court should follow for both consolidating trials, and for ordering separate trials:

> **Rule 42.  Consolidation; Separate Trials**
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.Proc. 42(a)-(b) (Lexis 2013). The Court has broad discretion in deciding whether to bifurcate claims for trial under Rule 42(b), and the exercise of that discretion will be set aside only if clearly abused. *See Dixon v. CSX Transp., Inc*., 990 F.2d 1440, 1443 (4th Cir.), *cert. denied*, 510 U.S. 915 (1993).

Bifurcation of the proceedings is appropriate if any one of the conditions set forth in Rule 42(b) is met by the circumstances of a civil action. See *James v. Frederick County Pub. Schs*., 441 F.Supp.2d 755, 762 (D. Md. 2006); *Robertson v. Prince George's*

*County*, 215 F. Supp. 2d 664, 665 (D. Md. 2002); *Jones v. Ziegler*, 894 F.Supp. 880, 883 (D. Md. 1996), *aff'd, Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-320 (D. Md. 1991); *see also Williamson v. Prince George's County*, 2011 WL 1065780 Slip Op. at 1-2 , (D. Md. decided March 21, 2011)(unpublished); *Taylor v. State of Maryland* 2010 WL 5247903, Slip Op. at 1-2 (D. Md. decided December 16, 2010)(unpublished); *Santos v. Frederick County Bd. of Comm'rs*, 2010 WL 3385463  Slip Op.  at 5 (D. Md. decided  August 25, 2010)(unpublished), *aff'd in part and vacated in part, both on other grounds,* 725 F.3d 451 (4th Cir. 2013).

Moreover, Rule 26(d) governs the timing of discovery, and it implicitly authorizes this Court to stay discovery, as appropriate, in a civil action:

> **Rule 26. Duty to Disclose; General Provisions Governing Discovery.**
> …
>
> **(d) Timing and Sequence of Discovery.**
>
> (1) Timing.
>
> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed.R.Civ.Proc. 26(d)(West 2016).  It is, of course, well settled that the control and management of litigation, including the power to manage discovery, is within "the inherent power" of the Court.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)(holding that the power of a federal court to dismiss a case *sua sponte* for failure to prosecute "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases."); *White v. Officer of the Public Defender*, 170 F.R.D. 138, 149 (D. Md. 1997)(same holding-power to sanction for discovery violation).

Here, the BPD and former Commissioner Batts can meet their burden of proving that bifurcation is more appropriate and desirable than a single trial.  Moreover, should the Court grant the motion to bifurcate, it should also stay 42 U.S.C. § 1983 *Monell* discovery against BPD and former Commissioner Batts until Plaintiffs' claims against the Officer Defendants and MSU Defendants are finally determined.  The Court should grant the Rule 42(b) and 26(d) motion for the reasons set forth below.

## IV.   ARGUMENT

### A.   BIFURCATION OF THE §1983 INDIVIDUAL CLAIMS AGAINST OTHER DEFENDANTS FROM §1983 *MONELL* AND SUPERVISORY CLAIMS AGAINST THE BPD AND BATTS FURTHERS JUDICIAL EXPEDIENCEY AND ECONOMY.

This Court has consistently, and almost uniformly, held that it is appropriate, and indeed desirable, to bifurcate §1983 *Monell* and supervisory liability claims from §1983 individual subordinate claims, especially in cases involving alleged unconstitutional seizures or unconstitutional use of force by law enforcement officers under the Fourth Amendment of the Constitution.  *See e.g., James*, 441 F.Supp.2d at 762 (bifurcating §1983 *Monell* claims against county from §1983 individual liability claims against police officer); *Robertson,* 215 F.Supp.2d at 665 (same); *Jones*, 894 F. Supp. at 883 (same); *Dawson*, 896 F.Supp. at 540 (same); *Marryshow*, 139 F.R.D. at 319-320 (same); *see also Williamson*, 2011 WL 1065780  Slip Op. at 1-2; *Taylor*, 2010 WL 5247903, Slip Op. at 1-2; *Santos*, 2010 WL 3385463  Slip Op.  at 5 (same-bifurcation of §1983 supervisory claims from §1983 subordinate claims).

This is because §1983 *Monell* or supervisory liability claims are somewhat derivative of the §1983 individual liability claims, *i.e.*, Plaintiffs cannot pursue their §1983 *Monell* or supervisory liability claims against BPD and former Commissioner Batts unless they first prevail on their §1983 individual claims against the Officer Defendants.  *See James*, 441 F.Supp.2d at 762 ("As stated above, however, the viability of James' *Monell* claim depends upon whether Officer Burton used excessive force."); *Robertson,* 215 F.Supp.2d at 665 ("The court's practice is based upon the well established rule that a municipality cannot be liable…unless the plaintiff can establish that an individual employee of the municipality has committed a constitutional violation.")(citations omitted); *Jones*, 894 F.Supp. at 883 ("In this second stage of this civil action, plaintiff Jones is seeking to hold Anne Arundel County and three of its police chiefs also legally responsible for Ziegler's sexual assault."); *Dawson*, 896 F.Supp. at 540 ("If Dawson fails in his efforts to show that an active defendant violated his constitutional rights, his claims against the County likewise fail.") *Marryshow*, 139 F.R.D. at 319 ("Accordingly, a prerequisite to establishing liability of any inactive Defendant is the existence of a constitutional rights violation by one or more active Defendants."); *see also Williamson*, 2011 WL 1065780  Slip Op. at 1-2; *Taylor*, 2010 WL 5247903, Slip Op. at 1-2; *Santos*, 2010 WL 3385463  Slip Op. at 5.

Put another way, judicial economy and expediency are served by bifurcation of the §1983 claims in this case, because separate trials will eliminate the possibility of needless and unnecessary litigation against BPD and former Commissioner Batts, should Plaintiffs not prevail in their §1983 claims against the Officer Defendants for any reason. *See James*, 441 F.Supp.2d at 762 ("Therefore, as a matter of efficient case management,

discovery will be bifurcated and proceed in the first instance only as to that question."); *Dawson*, 896 F. Supp. at 540 ("Should the jury find Ricker, or other police officers involved, innocent, a trial against the County would be unnecessary."); *Marryshow*, 139 F.R.D. at 320 ("Therefore, it would not be necessary for the parties to incur the expense of preparation and trial of a case which would require the possibly extensive evidence necessary to show a custom or pattern of constitutional violations sufficient to hold the inactive Defendants liable."); *see also Williamson*, 2011 WL 1065780  Slip Op. at 1-2; *Taylor*, 2010 WL 5247903, Slip Op. at 1-2; *Santos*, 2010 WL 3385463  Slip Op.  at 5..

In the case at bar, the Court should grant the motion for bifurcation under Rule 42(b).  Based upon the allegations of the Complaint, it is unequivocal that Plaintiffs are seeking liability against BPD and former Commissioner Batts because: (1) an alleged official BPD custom, policy or practice purportedly authorized the officers to use unconstitutional force against Mr. West; and (2) that former Commissioner Batts tacitly authorized, or was deliberately indifferent to, the alleged unconstitutional use of force brought about by the officers. *ECF Paper No. 2, Complaint ¶ 10, 65-68*.  Therefore, it is clear that Plaintiffs must first show that the incident involving the Officer Defendants, was unconstitutional before they can pursue any §1983 *Monell* and supervisory liability claims against BPD and former Commissioner Batts.  Simply stated, the Court should first require Plaintiffs to successfully prove and win their §1983 individual claim against the individual Officer Defendants before it allows Plaintiffs to pursue their §1983 claims against BPD and former Commissioner Batts.

Furthermore, bifurcation of the § 1983 claims of the MSU Defendants from the § 1983 claims against BPD and former Commissioner Batts is appropriate, because the

claims of the MSU Defendants do not involve and "common issue of fact" within the meaning of Rule 42(a).  In other words, the facts underlying the § 1983 claims against the MSU Defendants are distinct from the facts underlying the remaining § 1983 claim claims against BPD and Commissioner, and thus, the cases do not warrant consolidation. The Court may grant the motion for bifurcation for this reason alone.

      B.       **BIFURCATION WILL ALSO PROTECT AGAINST THE THREAT OF PREJUDICE TO ALL OF THE DEFENDANTS IN THIS CASE.**

Bifurcation also is essential to eliminate unjust prejudice to the Officer Defendants, the MSU Defendants,  as well as to BPD and former Commissioner Batts, as Plaintiffs seek to introduce evidence in their different §1983 claims against these Defendants.  For example, in order to meet the elements for their §1983 *Monell* or supervisory claims, Plaintiffs will undoubtedly have to introduce evidence of prior police misconduct to show that BPD has an unconstitutional "official policy, custom or practice" that allegedly authorized the Officer Defendants to use unconstitutional excessive force against Mr. West, and that former Commissioner Batts was "deliberately indifferent to, or tacitly authorized" the alleged unconstitutional conduct on the part of the Officer Defendants.   *See e.g., Gray v. Maryland*, 228 F.Supp.2d 628, 638 (D. Md. 2002); *Dawson*, 896 F.Supp. at 540; *Marryshow*, 139 F.R.D. at 320; *Santos,* 2010 WL 3385463  Slip Op.  at 5; *Stewart v. Prince George's County*, 2001 WL 759890, Slip Op. at 2 (D. Md. decided May 23, 2001)(unpublished), *rev'd on other grounds,* 75 Fed. Appx. 198 (4th Cir 2013); *Thompson, et al., v. Mayor and Town Council, La Plata, et al.,* 2001 WL 436158, Slip  Op. at 4 4(D. Md. decided April 13, 2001)(unpublished).

Accordingly, bifurcation is proper to avoid prejudice and confusion amongst the jury because: (1) Plaintiffs' attempt to introduce evidence of alleged prior police

misconduct inevitably leads to "side show" mini-trials regarding the constitutionality and relevance of such evidence; (2) any evidence of alleged prior police misconduct on the part of BPD Officers will certainly be prejudicial, and most likely inadmissible, against the Officer Defendants as 403 and 404 of the Federal Rules of Evidence may show that they violated the constitutional rights of Mr. West; (3) such evidence of prior BPD police misconduct would most certainly be inadmissible against the MSU Defendants;   and (4) such evidence may or may not be admissible against BPD and former Commissioner Batts. *See Gray*, 228 F.Supp.2d at 638 ("[P]roof of a custom or policy by the [municipal entity] will likely require the plaintiffs to introduce evidence that would be irrelevant to the liability of the other defendants"); *Dawson*, 896 F.Supp. at 540 ("Evidence of the County's custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them."..."While this evidence is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in Dawson's case against Ricker.")(citations omitted); *Marryshow*, 139 F.R.D. at 320 ("In most cases, it is likely, if not inevitable, that there will be conflicting evidence regarding any alleged prior incidents of police brutality.  Thus, it is highly probable that in determining a Plaintiff's claims against inactive Defendants, the jury will have to hear, and consider, evidence in 'side show' trials regarding these matters."); *see also Santos*, 2010 WL 3385463  Slip Op.  at 5("In this district, it is common practice to bifurcate failure to train and failure to supervise claims until a constitutional violation has been established."); *Stewart*, 2001 WL 759890, Slip Op. at 2 ("In order for the Plaintiff to establish a pattern and practice case against the [municipal entity], Plaintiff will have to submit evidence of prior incidents of

[unconstitutional acts], the details associated with such incidents, and how the [municipal] policymakers…reacted to the incidents.   While the evidence is indeed relevant to the Plaintiffs' case, it is not the type of evidence the Court would allow to be introduced against the 'active' Defendants in the case.   The prejudicial effect of such evidence would clearly outweigh its probative value"); *Thompson*, 2001 WL 436158, Slip Op. at 4("[E]vidence that would be relevant to prove the Plaintiffs' custom and policy claims against the municipalities would be highly prejudicial to the officers. Under such circumstances, the best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them")(internal quotation marks omitted).

In sum, this Court has recognized that when a party simultaneously pursues §1983 *Monell* claims and supervisory claims, as well as §1983 individual liability claims, the conflicts are "obvious" and "… [t]he best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them."  *See Dawson*, 896 F.Supp. at 540.

As well, introducing evidence relating to the claims against the Officer Defendants would prejudice BPD and former Commissioner Batts.  For example, if the jury determines that these individual Officers Defendants are liable under §1983 to Plaintiffs, their decision might unfairly influence how they determine the issue whether BPD had a "custom, policy, or practice" which led to the unconstitutional violation, or whether former Commissioner Batts, in fact, was "deliberately indifferent" in supervising the Officer Defendants.

Put simply, the jury would likely be tainted by the previous disposition of Plaintiffs' claims against the Officer Defendants and would not be in a position to render an impartial decision toward the BPD and former Commissioner Batts.  In sum, this

Court should grant the motion to bifurcate the §1983 *Monell* claim and supervisory claims against BPD and former Commissioner Batts from the §1983 individual liability claims against the Officer Defendants and the MSU Defendants.

> **C.    §1983 *MONELL* DISCOVERY ON THE CLAIMS PENDING AGAINST BPD AND FORMER COMMISSIONER BATTS SHOULD BE STAYED PENDING THE RESOLUTION OF PLAINTIFFS' §1983 CLAIMS AGAINST THE OFFICER DEFENDANTS, AND THE MSU DEFENDANTS.**

Once the Court determines that bifurcation is appropriate, it should also order a stay of discovery against BPD and former Commissioner Batts.  Again, a stay of discovery is appropriate because there would be no reason for Plaintiffs to delve into BPD's and former Commissioner Batts policies, customs and practices, or their actions in supervising the Officer Defendants if they are not successful in their §1983 claims against these individual officers.  *See Gray*, 228 F.Supp.2d at 238 ("Therefore, to maximize efficiency and convenience, and minimize unfair prejudice and delay, the proceedings will be bifurcated, and discovery on the claims which require proof that Gray was injured by the custom or policy of the County will be stayed until Gray's other claims have been resolved."); *Marryshow*, 139 F.R.D. at 319 ("[T]he question of bifurcation has been raised prior to the commencement of discovery on any claims against the inactive Defendants.  In this context, it is possible to combine bifurcation for trial with the postponement…of discovery relevant only to Plaintiffs' claims against the inactive Defendants."); *Dawson*, 896 F.Supp. at 540 ("In light of this conclusion, the Court will also grant Defendants' motion to stay discovery…").

As already discussed above, the burden of proof necessary to establish §1983 *Monell* and supervisory liability is significantly higher as compared to the proof

necessary to establish §1983 liability against the Officer Defendants or MSU Officer Lewis.  Indeed, it seems certain that the discovery in this case for the §1983 *Monell* and supervisory claims will be an enormous task.   Accordingly, in the interest of judicial economy and expediency, the Court should stay discovery against BPD and former Commissioner Batts until the Plaintiffs' claims against the Officer Defendants, and the MSU Defendants are first resolved.

## V.     CONCLUSION

For the reasons set forth above, BPD and former Commissioner Batts respectfully requests that the Court bifurcate Plaintiffs' §1983 claims against them from the claim against all of the other defendants in this case.  The Court should also stay §1983 *Monell* discovery against BPD and former Commissioner Batts pending the outcome Plaintiffs' constitutional claims against all of the other defendants.

Respectfully submitted,

_____/s/_____
Dorrell Brooks
Federal Bar No.: 27058
Assistant City Solicitor


_____/s/_____
Kristen E. Hitchner
Federal Bar No.: 19306
Assistant City Solicitor


_____/s/_____
Ashley E. McFarland
Federal Bar No.:  13676
Assistant City Solicitor


_____/s/_____
Brent Schubert
Federal Bar No.:   19593
Assistant City Solicitor

Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile:   (410) 396-2126
E-mail: dorrell.brooks@baltimorepolice.org
        kristen.hitchner@baltimorepolice.org
        ashley.mcfarland@baltimorepolice.org
        brent.schubert@baltimorepolice.org
*Attorneys for Defendant Commissioner Batts*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August 2016, a copy of the foregoing Defendants' Motion to Bifurcate and to Stay Discovery, and Memorandum of Law in Support of Defendants' Motion to Bifurcate and to Stay Discovery was forwarded via the court's electronic filing system to the following:

A. Dwight Pettit, Esquire
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21215

Allan B. Rabineau, Esquire
401 E. Pratt Street, Suite 2252
Baltimore, MD 21202

*Counsel for Plaintiffs*

Chaz R. Ball, Esquire
Schlachman Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD 21202

*Counsel for Officer Defendants*

Thomas Faulk
Assistant Attorney General
State of Maryland Office of the Attorney General
200 Saint Paul Pl, 17th Floor
Baltimore, MD 21202

*Counsel for Defendants Baltimore County, Maryland*

                                /s/
                             Dorrell Brooks
                             Federal Bar No.: 27058
                             Assistant City Solicitor