IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAWANDA JONES, *et al.*
    *Plaintiffs*,

v.

NICHOLAS DAVID CHAPMAN, *et al.*,
    *Defendants*.

Civil Action No. ELH-14-2627

**MEMORANDUM**

This Memorandum resolves the pending motion to intervene filed by William C. Bond, who is self-represented. ECF 59 (the "Motion").[1] Mr. Bond seeks to intervene in a police brutality case arising from the death of forty-four year old Tyrone A. West, Sr. ("Mr. West" or the "Decedent") on July 18, 2013, while in police custody. Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, Sr.; Nashay West; Tyrone West, Jr.; and T.W., a minor child, by Mary Agers, as Guardian and next friend of T.W., plaintiffs,[2] have filed a civil rights action against multiple police officers alleging, *inter alia*, that Mr. West's death was caused by excessive use of force in connection with an unlawful traffic stop, in violation of Mr. West's constitutional rights under federal and state law. *See* ECF 33, Amended Complaint.[3]

---

[1] On April 13, 2016, Mr. Bond filed an initial motion to intervene (ECF 58), which he amended on April 14, 2016, in ECF 59.

[2] Tawanda Jones is the sister of the Decedent. ECF 33, Amended Complaint, ¶ 4. Nashay West; Tyrone West, Jr.; and T.W. are children of the Decedent. *Id.* ¶¶ 5-7.

[3] The case was filed in the Circuit Court for Baltimore City and removed to this Court on August 18, 2014, on the basis of federal question jurisdiction. ECF 1, Notice of Removal, ¶ 4; 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(a). ECF 1, Notice of Removal, ¶ 5.

Suit is predicated on 42 U.S.C. § 1983, based on alleged violations of the Decedent's rights under the Fourth and Fourteenth Amendments to the Constitution. Plaintiffs also allege violations of Articles 24 and 26 of the Maryland Declaration of Rights, and assert tort claims under Maryland law.

The defendants are eight Baltimore City Police Officers; Anthony W. Batts, who was the Commissioner of the Baltimore Police Department when Mr. West died; David Lewis, an officer with the Morgan State University Campus Police ("MSU Police"); and Lance Hatcher, Chief of the MSU Police. ECF 33 at 1-3. All defendants were sued in their official and individual capacities. ECF 33, Amended Complaint, at 1-3; *id*. at 25.

No responsive pleadings were filed with regard to Mr. Bond's Motion, and the time to do so has expired. *See* Docket. For the reasons stated below, I shall permit Mr. Bond to remain on the Docket of this case, as a courtesy. This will facilitate his receipt of notifications of public filings, which shall be via U.S. mail. However, the Motion lacks merit and shall be denied in all other respects.

## I.   Background[4]

The underlying facts of this case are set forth in the Court's Memorandum Opinion dated July 24, 2015 (ECF 28). In sum, plaintiffs aver that, "[a]s a result of the unconstitutional use of force by Defendants, Tyrone West received multiple severe injuries about his body, experienced severe pain and suffering, and mental anguish resulting in death." ECF 33, Amended Complaint, ¶ 37. According to plaintiffs, Mr. West was subjected to an illegal traffic stop. *Id.* ¶ 14. They maintain that "the individual police officer defendants made an unreasonable seizure" of the

---

[4] It is unnecessary to review fully the procedural and factual background of this case for the purpose of resolving the Motion.

Decedent, thereby violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and "assaulted and battered [him], resulting in his death, and otherwise used excessive force and unwarranted force during the course of said seizure." *Id.* ¶ 3. Litigation is ongoing. *See* Docket.

As best as can be discerned, Mr. Bond argues that he should be permitted to intervene in this case as a "member of the public" because of his "great concern" for public discourse and press coverage surrounding Mr. West's case. *See generally* ECF 59; ECF 61; ECF 62. Mr. Bond cites, *inter alia*, a "very disturbing YouTube.com video of an April 11, 2016, public hearing. . . ."[5] He also cites his concern with the use of the word "murder" in public demonstrations to describe Mr. West's death, and he seems to disagree with plaintiffs' factual assertions in case filings and in the media. *See, e.g.*, ECF 59 at 2; ECF 61 at 2-3; ECF 62 at 1-2.

According to Mr. Bond, the Motion is "limited" in nature (ECF 59 at 1), and "seeks to relay to the court public interests & events of which it may not be fully aware." *Id.* at 3. In his view, the case reflects "the bad lawyering permeating the minority community." *Id.* at 2. He asks, *inter alia*, that the Court "state in their final opinion & order" certain declarations related to the death of Mr. West, including that Mr. West "was not murdered by the police" and also that the Court "sanction the plaintiffs for bringing this frivolous lawsuit and wasting the state and federal taxpayers time & money." *Id.* Notably, Mr. Bond has not cited any legal authority to support his Motion.

Mr. Bond has submitted two supplements to his Motion. *See* ECF 61 ("Supplement One"); ECF 62 ("Supplement Two"). In Supplement One, docketed on May 2, 2016, Mr. Bond discusses his "great concern about newly learned events" in Mr. West's case. ECF 61 at 1. He

---

[5] Mr. Bond does not specify the nature of the public hearing.

attaches as an exhibit a copy of a document titled "Statement on Tyrone West case," issued by the Office of the State's Attorney for Baltimore City, dated April 14, 2016, stating that "there has been no new evidence or additional information that would lead us to re-opening [sic] this case." ECF 61-1. Another exhibit (ECF 61-2) contains an article from the *Baltimore Sun*, dated April 15, 2016, titled "Marilyn Mosby hears criticism from police, activists." ECF 61-2 at 1-5. Mr. Bond also attached a *Baltimore Sun* article dated April 30, 2016, titled "Report: Heart condition didn't cause Tyrone West's death in custody." ECF 61-3 at 1-3.

In Supplement Two, docketed on May 4, 2016, Mr. Bond reiterates: "I believe it is necessary to relay to the court continued public interests & new events of which it may not be fully aware." ECF 62 at 1 (emphasis in original). He describes an article in the Baltimore *City Paper*, published on May 3, 2016, titled: "In front of the Medical Examiner's Office, the family of Tyrone West demands his case be reopened." *Id.* at 1-2. Mr. Bond also attached the article as an exhibit. ECF 62-1 at 1-3.

## II. Discussion

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure, which provides, in relevant part:

> (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) PERMISSIVE INTERVENTION.
>
> (1) *In General.* On timely motion, the court may permit anyone to intervene who:

4

> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
>> (A) a statute or executive order administered by the officer or agency; or
>>
>> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
>
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

In *Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013), the Fourth Circuit explained the standard for intervention of right under Rule 24(a)(2) as follows, *id.* at 349-50 (quoting *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)):

> [A] district court must permit intervention as a matter of right if the movant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation."

*See also Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).[6] In order to intervene as of right, a movant's interest in the action must be "'significantly protectable'" and a movant must "stand to gain or lose by the direct legal operation." *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

---

[6] In addition to these conditions, "timeliness is [also] a 'cardinal consideration' of whether to permit intervention . . . ." *Houston Gen. Ins. Co.*, 193 F.3d at 839 (quoting *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981)).

5

Alternatively, even if Rule 24(a)(2) does not mandate intervention, a party may be entitled to permissive intervention under Rule 24(b). *See Huff*, 406 F.3d at 349. The decision to grant or deny permissive intervention "'lies within the sound discretion of the trial court.'" *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003) (quoting *Hill v. Western Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982)); *see also McHenry v. C.I.R.*, 677 F.3d 214, 219 (4th Cir. 2012). In *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004), then-District Judge Andre Davis distilled, from "the text of Rule 24(b) itself [and] case law interpreting the rule," four conditions for permissive intervention, *id.* (citations omitted and alterations added):

> (1) that [the intervenor's] motion is "timely"; (2) that its "claim or defense and the main action have a question of law or fact in common" . . . ; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties."

In the case *sub judice*, Mr. Bond has presented no grounds to support his request for intervention. Notably, he has not provided any explanation for why his intervention might be justified under Fed. R. Civ. P. 24, nor can any basis for intervention be gleaned from Mr. Bond's filings. Mr. Bond's goal to "relay to the court public interests & events of which it may not be fully aware" does not establish a legal stake in the outcome of this case. *See Houston General Ins. Co.*, 193 F.3d at 839. Nor does this objective suggest how a legal interest of Mr. Bond's "would be impaired because of the action," or how any theoretical legal interest is "not adequately represented by existing parties to the litigation." *Id.* Moreover, Mr. Bond's Motion does not assert a legal claim or defense, which precludes granting the Motion based on permissive intervention. *See Smith*, 352 F.3d at 892; *McHenry v. C.I.R.*, 677 F.3d at 219;

*Shanghai Meihao Elec., Inc.*, 223 F.R.D. at 387. Accordingly, I am persuaded that intervention is inappropriate in this case.

### III. Conclusion

Mr. Bond appears to have a desire to keep closely informed about this case as it progresses. But, he has not satisfied the criteria for intervention. Although Mr. Bond may not join this case as an intervenor, I will allow him to remain listed on the case docket, as a courtesy. This will ensure that he receives prompt notification of case filings, via U.S. mail. *See, e.g.*, *United States v. Byrd*, RDB-14-0186 (D. Md. Oct. 19, 2015) (permitting the same in ECF 230).[7] The Motion (ECF 59) shall be denied in all other respects.

An Order follows.

Date: August 5, 2016               /s/
                                   Ellen Lipton Hollander
                                   United States District Judge

---

[7] The common law presumes the public has a qualified right of access to judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009). The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253.