IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAWANDA JONES, *et al.*, | * | |
| Plaintiffs, | * | |
| vs. | * | Case No. 1:14-cv-002627-ELH |
| OFFICER NICHOLAS CHAPMAN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS'
OPPOSITION TO THE BPD DEFENDANTS' RULE 42(B) MOTION
TO BIFURCATE AND TO STAY DISCOVERY**

**I.     INTRODUCTION**

Plaintiffs have filed their opposition papers to motion to bifurcate and for a stay of discovery filed by Defendants, the Baltimore Police Department ("BPD") and former BPD Commissioner Anthony Batts ("Commissioner Batts") (collectively, "the BPD Defendants") in the above captioned civil rights action under 42 U.S.C. § 1983 ("§ 1983").  In their opposition papers, Plaintiffs do not provide any binding legal basis for denial of the motion.  Instead, they provide their own wishes concerning why the Court should not grant bifurcation and a stay of discovery.

In other words, Plaintiffs do not provide any binding Fourth Circuit authority to support their argument that "although routinely followed in the Fourth Circuit," the Court should not apply the normal factors for evaluating whether or not to grant the BPD Defendants' motion to bifurcate.  *See Plaintiffs' Opp. Papers, ECF Paper No. 39-1, Memo of Law, p. 2*.  The reason for this omission is simple – there exists no

precedential authority in this Circuit for Plaintiffs' argument. Indeed, Plaintiffs actually concede that, "[i]t has been widely accepted throughout the United States Fourth Circuit that 42 U.S.C. § 1983 *Monell* cases should be bifurcated." *See Plaintiffs' Opp. Papers, ECF Paper No. 39-1, Memo of Law, p. 1.*

Furthermore, Plaintiffs do not address the BPD Defendants' motion to stay discovery in the event the Court elects to grant their request to bifurcate the §1983 *Monell* claim and supervisory claims in this case. Accordingly, BPD Defendants will not readdress the matter, because Plaintiffs' silence on this issue is an implicit admission that the BPD Defendants request is reasonable and supported by the law.

In their response, Plaintiffs contend that Defendants have not put forth any facts to support the contention that bifurcating the proceedings and staying discovery will result in efficient litigation, conservation of judicial resources, effective testing of the sufficiency of Plaintiffs' claims, and protection against possible prejudice to former Commissioner Batts and the other Defendants. Plaintiffs' argument, however, is a red herring.

The BPD Defendants *do not* have to offer additional facts to justify bifurcation and a stay of discovery in this case. Rather, Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") in clear, unambiguous language, articulates the proper standard that this Court should apply *i.e.,* the facts contained in the claims and pleadings before the Court is the proper guide for determining whether bifurcation and a stay of discovery is appropriate. *See Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995)("The Court's analysis naturally begins with the particular facts before it, carefully examining the claims asserted against each defendant and how they impact

upon the parties moving for bifurcation.").

Accordingly, the Court may outright reject Plaintiffs' argument that the BPD Defendants have not met their burden of proving that bifurcation and a stay of discovery is appropriate. As shown below, bifurcation and a stay of discovery is the *preferred* method for handling § 1983 individual claims. § 1983 *Monell* claim, and § 1983 supervisory liability claims.

II. **ARGUMENT**

    **A**. BIFURCATION OF THE §1983 INDIVIDUAL CLAIMS AGAINST OFFICER DEFENDANTS FROM §1983 *MONELL* AND SUPERVISORY CLAIMS AGAINST THE BPD DEFENDANTS IS THE PREFERRED METHOD OF DEALING WITH SUCH CLAIMS UNDER RULE 42(b).

Plaintiffs' opposition papers offer no legitimate reason why the Court should not grant bifurcation of the § 1983 individual liability claims against the § 1983 *Monell* and supervisory claims, as well as a stay of discovery against the latter of two claims. As stated in BPD's original motion, judges of this Court have found that bifurcation of the §1983 individual claims from the §1983 *Monell* and supervisory claims is the *preferred method* under Rule 42(b) for dealing with such claims. *See James v. Frederick County Pub. Schs.*, 441 F.Supp.2d 755, 762 (D. Md. 2006); *Gray v. State of Maryland*, 228 F.Supp.2d 628, 638 (D. Md. 2002); *Robertson v. Prince George's County*, 215 F. Supp. 2d 664, 665 (D. Md. 2002); *Jones v. Ziegler*, 894 F.Supp. 880, 883 (D. Md. 1995), *aff'd, Jones v. Wellham*, 104 F.3d 620 (4th Cir. 1997); *Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-320 (D. Md. 1991).

The rationale behind these decisions is clear cut and unambiguous, *i.e.*, bifurcation promotes judicial economy, saves judicial resources, as well as avoids potential conflicts and prejudice between the parties. *See James*, 441 F. Supp. 2d at 762 ("Therefore, as a matter of efficient case management, discovery will be bifurcated and proceed in the first instance only as to that question." (citations omitted)); *Gray*, 228 F.Supp.2d at 238 ("Therefore, to maximize efficiency and convenience, and minimize unfair prejudice and delay, the proceedings will be bifurcated, and discovery on the claims which require proof that Gray was injured by the custom or policy of the County will be stayed until Gray's other claims have been resolved."); *Marryshow*, 139 F.R.D. at 319 ("In this case, the Court finds that the interests of convenience, the avoidance of prejudice, as well as expedition and economy, will best be served by severing the trial of issues pertaining to Plaintiff's claims against the active Defendants from those he makes against the inactive Defendants."); *Dawson*, 896 F.Supp. at 540 ("The conflicts are obvious. The best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them. To avoid prejudice in the trial against Ricker the Court will allow only relevant evidence, if any, of the County's custom, practice or policy. Should the jury find Ricker, or other police officers involved, innocent, a trial against the County would be unnecessary… Thus, to avoid prejudice and, indeed for the sake of economy and expedition, the Court will grant Defendants' motion for bifurcation under Fed.R.Civ.Proc. 42(b)." (internal citations and quotations omitted)); *see also Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)("CSX argues that the district court abused its discretion in refusing to bifurcate the trial. Although trial courts must be given wide latitude in managing the litigation before them, we agree that under the particular

circumstances of this case, it was an abuse of discretion to deny the motion to bifurcate. As a consequence of the simultaneous trial of the FELA claim and the North Carolina causes of action, the jury heard inflammatory evidence on Mrs. Dixon's loss of consortium that, although relevant to the Dixons' state law claims, was irrelevant to the FELA claim, and it heard incitive evidence relevant to the FELA claim that was irrelevant to the Dixons' state law actions. The inevitable effect of the introduction of this highly prejudicial evidence was to deny CSX the fair trial to which it was entitled on both the Dixons' federal and state claims.")

Judges of this Court have recognized that the reasons for potential conflicts and prejudice are obvious and should be avoided (upfront). In order to meet their burden of proof for their § 1983 *Monell* and supervisory claims against the BPD Defendants, Plaintiffs must, no doubt, introduce evidence of alleged prior police misconduct, leading the Court to conduct side show "mini trials" on the admissibility and relevance of such evidence against the Individual Officer Defendants and the Morgan State Defendants. *See Gray*, 228 F.Supp.2d at 638 ("As in *Marryshow,* proof of any liability for the County based on a custom or policy requires a showing that there was a civil rights violation by one of the other defendants… In addition, as in *Marryshow,* proof of a custom or policy by the County will likely require the plaintiffs to introduce evidence that would be irrelevant to the liability of the other defendants." (internal citations omitted)); *Dawson*, 896 F.Supp. at 540 ("Evidence of the County's custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them.'… While this evidence is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in

Dawson's case against Ricker… The prejudicial effect of such evidence would clearly outweigh its probative value… Moreover, under Fed. R. Evid. 404(a), the Court would most likely exclude evidence of Ricker's past conduct aimed at proving his character and propensities." (internal citations omitted)); *Marryshow*, 139 F.R.D. at 320 ("In the case at bar, as alleged in the Amended Complaint, Plaintiff will seek to prove liability on the part of the inactive Defendants by proof of 'ongoing complaints of police brutality against the black members of the county as a whole ...,' 'increasing amounts of brutality against black individuals by the police officers since the initiation of a drug task force,' a 'failure to train,' a 'failure to investigate the matter,' and that 'efforts by the Federal Bureau of Investigations to investigate the matter were rebuffed.' … Bifurcation facilitates a trial in which the Court can allow in evidence only that portion, if any, of the Plaintiff's custom, practice or policy evidence that is relevant and admissible with regard to the events of June 10, 1989. This results in a fairer trial. Moreover, it appears that there is little or no evidence admissible against the inactive Defendants which would be admissible at the trial of Plaintiff's claims against the active Defendants."); *see also Dixon*, 990 F.2d at 1445 ("In the circumstances of this case, we are left with the firm conviction that, because the district court tried the federal and state claims together, thereby exposing the jury to the inflammatory and irrelevant evidence on the respective claims recited above, CSX did not receive a fair trial on either the FELA or the state law claims." (citations omitted)).

Perhaps most importantly, judges of this Court have considered and *rejected* the argument that a law enforcement officer's training is relevant evidence in a §1983 individual liability claim for excessive use of force under the Fourth Amendment of the

Constitution. *See Marryshaw*, 139 F.R.D. at 320 ("Much (and possibly all) of this custom, practice or policy evidence would be both irrelevant to the jury's decision as to the events of June 10, 1989, and highly prejudicial to the active Defendants."); *see also Clements vs. Prince George's County*, 1992 WL 165814, Slip Op. at 2 (D. Md. June 30, 1992)(Unpublished)( "…the Court finds that inadequate training is not an element of the [excessive force] claims against the individual police officers. As noted by the Defendants: it is axiomatic that proper training is the responsibility of the trainer not the trainee. As such, the trainee cannot be liable for inadequate training. Moreover, the individual officers' liability in this case must be predicated on the reasonableness of their actions on the scene…. *Evidence of inadequate training does not impact on this analysis and instead confuses the issues*." (emphasis added)(citations omitted)).

Lastly, contrary to Plaintiffs' argument, judges of this Court *have not* held that bifurcation must be delayed until such foreseeable and inevitable prejudices, delays, or squandering of judicial resources actually transpires. Indeed, such a practice would defeat the very purpose behind granting the bifurcation of claims in the first place. *See Dawson*, 896 F. Supp. at 540 (… [t]he best way to avoid the ["obvious"] conflicts resulting in trying the two claims together is to bifurcate them.").

The case at bar, it is clear that Plaintiffs must first prove that the Individual Officer Defendants violated their constitutional rights before they can pursue any §1983 *Monell* and supervisory liability claims against the BPD Defendants. *Cf. ECF Paper No. 33, ¶¶ 8, 60-63* (Individual liability claims)*; ¶¶ 10, 64-76* (§ 1983 *Monell* and supervisory liability claims)*.* For the efficient management and trial of these different claims (and because they involve different types of evidence), the Court should bifurcate

them and stay discovery against the BPD Defendants, pursuant to Rule 42(b) until Plaintiffs prove their underlying § 1983 claims against the Individual Officer Defendants.

Additionally, the facts underlying the claims against the MSU Defendants do not involve *any* common issue of fact with the facts underlying the claims against BPD and former Commissioner Batts – they are detached and distinct. Therefore, at a minimum, the facts give rise to the circumstance sufficient to warrant bifurcation of the § 1983 individual claims against the MSU Defendants from the § 1983 *Monell* and supervisory claims against the BPD Defendants exists.

In sum, Plaintiffs' argument completely misses the mark, and their argument does not provide a sufficient basis to deny the motion to bifurcate and to stay discovery. Therefore, the Court should grant the Rule 42(b) motion to bifurcate as well as the Rule 26(d) motion to stay discovery.

## V. **CONCLUSION**

For the reasons set forth above, the BPD Defendants respectfully request that the Court bifurcate Plaintiffs' §1983 claims against them from the claim against all of the other defendants in this case. The Court should also stay *Monell* discovery against the BPD Defendants pending the outcome Plaintiffs' constitutional claims against all of the other defendants.

                                                            Respectfully submitted,

                                                            /s/
                                                      Glenn T. Marrow
                                                      Federal Bar No. 23731
                                                      Chief Solicitor

      /s/
Ashley E. McFarland
Federal Bar No.: 13676
Assistant City Solicitor

      /s/
Brent Schubert
Federal Bar No.: 19593
Assistant City Solicitor

Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile: (410) 396-2126
E-mail: glenn.marrow@balitmorepolice.org
      ashley.mcfarland@baltimorepolice.org
      brent.schubert@balitmorepolice.org

*Attorneys for the BPD Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September 2016, a copy of the foregoing Defendants' Reply to Motion to Bifurcate and to Stay *Monell* Discovery, and Memorandum of Law in Support of Defendants' Motion to Bifurcate and to Stay Discovery was forwarded via the court's electronic filing system to the following:

A. Dwight Pettit, Esquire
A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21215

Allan B. Rabineau, Esquire
401 E. Pratt Street, Suite 2252
Baltimore, MD 21202

*Counsel for Plaintiffs*

Chaz R. Ball, Esquire
Schlachman Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, MD 21202

*Counsel for Officer Defendants*

Thomas Faulk
Assistant Attorney General
State of Maryland Office of the Attorney General
200 Saint Paul Pl, 17th Floor
Baltimore, MD 21202

*Counsel for Defendants Baltimore County, Maryland*

/s/
Ashley E. McFarland
Federal Bar No.: 13676
Assistant City Solicitor
