IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAWANDA JONES, *et al.* *Plaintiffs*, | |
| v. | Civil Action No. ELH-14-2627 |
| NICHOLAS DAVID CHAPMAN, *et al.*, *Defendants*. | |

**MEMORANDUM**

This civil rights case arises from the death of Tyrone A. West, Sr. ("Mr. West" or the "Decedent") on July 18, 2013, while in police custody. Tawanda Jones, as Personal Representative of the Estate of Tyrone A. West, Sr.; Nashay West; Tyrone West, Jr.; and T.W., a minor child, by Mary Agers, as Guardian and next friend of T.W., plaintiffs,[1] have filed an Amended Complaint (ECF 33) alleging, *inter alia*, that Mr. West's death was caused by police brutality, i.e., an excessive use of force following an allegedly unlawful traffic stop of Mr. West.[2]

In particular, plaintiffs have sued Baltimore City Police Officers Nicholas David Chapman; Jorge Omar Bernardez-Ruiz; Matthew Rea Cioffi; Eric Maurice Hinton; Alex Ryan Hashagen; Danielle Angela Lewis; Derrick Dewayne Beasley; and Latreese Nicole Lee (collectively, "BPD Officer Defendants"). Plaintiffs also sued Anthony W. Batts, who was the Commissioner of the Baltimore Police Department ("BPD") when Mr. West died. ECF 33,

---

[1] Tawanda Jones is the sister of the Decedent. ECF 33, Amended Complaint, ¶ 4. Nashay West; Tyrone West, Jr.; and T.W. are children of the Decedent. *Id.* ¶¶ 5-7.

[2] Suit was filed in the Circuit Court for Baltimore City and removed to this Court in August 2014, on the basis of federal question jurisdiction. ECF 1, Notice of Removal; 28 U.S.C. § 1331.

Amended Complaint, ¶ 10.³ In addition, plaintiffs sued David Lewis, an officer with the Morgan State University Campus Police ("MSU Police"), and Lance Hatcher, Chief of the MSU Police, (collectively, MSU Defendants). All defendants were sued in their official and individual capacities. *Id.* at 1-3; *id*. at 25.

Suit is predicated on 42 U.S.C. § 1983, based on alleged violations of the Fourth and Fourteenth Amendments to the federal Constitution.⁴ Plaintiffs also allege violations of Articles 24 and 26 of the Maryland Declaration of Rights, and they assert tort claims under Maryland law.⁵ "Claim I" includes six counts, all brought by the Estate of Tyrone West, and "Claim II" includes one count, a wrongful death action brought by members of the Decedent's family.

By Memorandum Opinion and Order of July 24, 2015, I granted in part and denied in part a motion to dismiss filed by former Commissioner Batts. *See* ECF 28; ECF 29. In particular, I dismissed with prejudice all State law claims against Batts in his official capacity. I concluded that a suit against Batts in his official capacity is, in effect, a suit against the BPD, which is an agency of the State of Maryland. Therefore, as to claims against Batts in his official capacity,

---

³ Notwithstanding Batts's termination as Commissioner, the action may proceed against his office. Fed. R. Civ. P. 25(d) states, in pertinent part: "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded." Plaintiffs have not substituted Batts's successor, despite being directed to do so by Order of July 24, 2015. *See* ECF 29.

⁴ As in the original Complaint, plaintiffs refer once to 42 U.S.C. § 1985 in the Amended Complaint. ECF 33, Amended Complaint, ¶ 1; ECF 2, Complaint, ¶ 1. However, in earlier submissions, plaintiffs clarified that they did not intend to lodge a claim under § 1985. *See* ECF 24-1 at 13.

⁵ Plaintiffs allege that they have satisfied the notice provisions of the Maryland Tort Claims Act, Md. Code (2014 Repl. Vol.), § 12-106 of the State Government Article, as well as the Local Government Tort Claims Act, Md. Code (2014 Repl. Vol.), § 5-304 of the Courts and Judicial Proceedings Article. ECF 33, Amended Complaint, ¶ 2.

the State enjoyed Eleventh Amendment immunity. *Id.* at 16-21. However, I denied the motion to dismiss as to the *Monell* claim,[6] based on the alleged existence of an unconstitutional custom or policy of deliberate indifference to the use of excessive force within the BPD. *Id.* at 23-33. And, I dismissed, without prejudice, the individual claims against Batts based on supervisory liability. *Id.* at 33-48. I also granted plaintiffs leave to amend their Complaint. ECF 29. An Amended Complaint was filed on August 13, 2015. *See* ECF 33.

Based on the Court's prior ruling (ECF 28; ECF 29) and the Amended Complaint (ECF 33), the only claim remaining against former Commissioner Batts is "Claim I - Count V," the "survival action for negligent supervision, training and retention and custom or policy of deliberate indifference." ECF 33, Amended Complaint, ¶¶ 64-76.[7]

On March 2, 2016, Batts filed a motion to dismiss the Amended Complaint or, alternatively, a motion for summary judgment (ECF 55), along with a memorandum of law (ECF 55-1) (collectively "Motion to Dismiss").[8] It is supported by several exhibits. He asserts, *inter alia*, sovereign immunity, public official immunity, and failure to state a claim. Plaintiffs oppose the Motion (ECF 56), supported by a memorandum of law (ECF 56-1) (collectively, "Opposition"), to which Batts has replied. ECF 57.

---

[6] *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In *Monell*, the Supreme Court determined that, under certain circumstances, a local government may be liable under § 1983.

[7] The Amended Complaint appears to reassert the State law claims against Batts that were dismissed, with prejudice, in the Court's prior ruling. *See* ECF 33, Amended Complaint, at 25-26 (including the State claims against Batts); ECF 28 at 16-21 (dismissing the State law claims against Batts based on sovereign immunity). However, the parties acknowledge in the Motion to Dismiss (ECF 55) and related filings that all state law claims against Batts have been dismissed, with prejudice. *See* ECF 55-1, Motion to Dismiss, at 4-5; ECF 56, Opposition to Motion to Dismiss, ¶¶ 1, 2.

[8] Curiously, the title of the motion reflects that it was filed by the BPD. Yet, the text of the motion makes clear that it was filed by Batts.

Batts has also filed a Motion to Bifurcate and to Stay Discovery (ECF 69), supported by a memorandum of law. ECF 69-1 (collectively, "Motion to Bifurcate").[9] Plaintiffs oppose the Motion to Bifurcate (ECF 78), supported by a memorandum of law (ECF 78-2) (collectively, "Opposition"). Batts has replied. ECF 82.[10]

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion to Bifurcate. ECF 69. Therefore, I will stay discovery as to the claims against Batts, pending disposition of the claims against the BPD Officer Defendants. In view of the foregoing, I shall deny the Motion to Dismiss (ECF 55), without prejudice to the right to refile the motion after resolution of plaintiffs' claims against the BPD Officer Defendants.

## I.   Factual and Procedural Background

The relevant facts of this case are set forth in the Court's Memorandum Opinion dated July 24, 2015 (ECF 28), and are incorporated here. In sum, plaintiffs aver that Mr. West was subjected to an illegal traffic stop (ECF 33, Amended Complaint, ¶ 14) and, "[a]s a result of the unconstitutional use of force by Defendants, Tyrone West received multiple severe injuries about his body, experienced severe pain and suffering, and mental anguish resulting in death." *Id.* ¶ 37. Further, they maintain that "the individual police officer defendants made an unreasonable seizure" of the Decedent, thereby violating his rights under the Fourth and Fourteenth

---

[9] The caption of the motion is titled "Defendants' [sic] Baltimore Police Department and Commissioner Anthony Batts Motion to Bifurcate And Stay Discovery" (ECF 69) and the supporting memorandum is titled "Memorandum Of Law In Support Of Defendants' [sic] The Baltimore Police Department And Commissioner Anthony Batts Motion To Bifurcate and to Stay Discovery." ECF 69-1. Yet, the text of the motion seems to indicate that it is filed only on behalf of Batts. Moreover, the BPD is not named as a defendant in the Amended Complaint.

[10] Commissioner Batts had filed a motion to bifurcate and to stay discovery in August 2015. ECF 32. That motion was administratively closed on October 27, 2015, subject to the right to renew if settlement was not achieved. *See* ECF 47.

Amendments to the United States Constitution, and "assaulted and battered [him], resulting in his death, and otherwise used excessive force and unwarranted force during the course of said seizure." *Id.* ¶ 3. And, plaintiffs maintain that such incidents are part of a common practice, pattern, policy, and custom in the BPD. *Id.* ¶¶ 63-70.

## II.     Discussion

Batts seeks to bifurcate the §1983 claims against the various police officers from the §1983 *Monell* and supervisory claims against Batts, pursuant to Fed. R. Civ. P. 42(b). ECF 69-1 at 3, 6. He also moves the Court "to stay 42 U.S.C. § 1983 *Monell* discovery against the BPD and former Commissioner Batts pending the resolution of the Plaintiffs' claims against the other defendants," pursuant to Fed. R. Civ. P 26(d). *Id.* at 6.

In the Motion to Bifurcate, Batts raises two principal arguments. First, he argues that bifurcation will advance judicial economy and efficiency. *Id.* He observes that "Plaintiffs cannot pursue their §1983 *Monell* or supervisory liability claims against BPD and former Commissioner Batts unless they first prevail on their §1983 individual claims against the Officer Defendants" and they might not prevail. *Id.* at 7. In Batts's view, "separate trials will eliminate the possibility of needless and unnecessary litigation against BPD and former Commissioner Batts . . . ." *Id.*

Second, Batts asserts that bifurcation will protect against the threat of undue prejudice to the various defendants. *Id.* at 9. In this regard, Batts points out that, to meet the elements of a §1983 *Monell* or supervisory claim, plaintiffs would have to introduce evidence of prior police misconduct, and this evidence would be extremely prejudicial as to the individual police officer defendants. ECF 69-1 at 9. In his view, such evidence "inevitably leads to 'side show' mini-trials regarding the constitutionality and relevance of such evidence[.]" *Id.* at 10. Conversely,

Batts maintains that the introduction of evidence relating to the claims against the individual BPD Defendants will prejudice him. *Id.* at 11. Batts posits, *id.*:

> For example, if the jury determines that these individual Officers Defendants are liable under §1983 to Plaintiffs, their decision might unfairly influence how they determine the issue whether BPD had a 'custom, policy, or practice' which led to the unconstitutional violation, or whether former Commissioner Batts, in fact, was 'deliberately indifferent' in supervising the Officer Defendants.

Batts also requests a stay of discovery until plaintiffs' claims against all of the officer defendants are resolved. ECF 69-1 at 6, 12.[11] He asserts, ECF 69-1 at 12: "[A] stay of discovery is appropriate because there would be no reason for Plaintiffs to delve into BPD's and former Commissioner Batts [sic] policies, customs and practices, or their actions in supervising the Officer Defendants if they are not successful in their § 1983 claims against these individual officers."

Plaintiffs oppose the Motion to Bifurcate. ECF 78. They concede that "[i]t has been widely accepted throughout the United States Fourth Circuit that 42 U.S.C. §1983 Monell cases should be bifurcated . . . ." ECF 78-2 at 1. But, they argue that permitting bifurcation at this stage is akin to "crystal ball reasoning," because a court cannot know before the end of discovery what evidence will be introduced, and whether it will be prejudicial. *Id.* at 2. Plaintiffs suggest that the Court should wait to decide whether to bifurcate until "the end of discovery when the value of the evidence can be examined on its face rather than based on speculation and unfounded assumptions." *Id.*

In his Reply (ECF 82), Batts maintains that, contrary to plaintiffs' argument, "judges of this Court *have not* held that bifurcation must be delayed until such foreseeable and inevitable

---

[11] Additionally, Batts argues that, at a minimum, "bifurcation of the § 1983 claims of the MSU Defendants from the §1983 claims against BPD and former Commissioner Batts is appropriate, because the claims of the MSU Defendants do not involve [a] 'common issue of fact' within the meaning of Rule 42(a)," and thus do not warrant consolidation. ECF 69-1 at 8-9.

prejudices, delays, or squandering of judicial resources actually transpires. Indeed, such a practice would defeat the very purpose behind granting the bifurcation of claims in the first place." *Id.* at 82.

Fed. R. Civ. P. 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Notably, "[o]nly one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.,* 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted).

District courts have "broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused." *Beasley v. Kelly*, DKC-10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993), *cert. denied*, 510 U.S. 915 (1993)); *see also Brown v. Bailey*, RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2010) (same); *Dawson v. Prince George's Cnty.*, 896 F. Supp. 537, 539 (D. Md. 1995) (same); 9A WRIGHT & MILLER § 2388, at 113-14 ("It is well-established by a wealth of case law that ultimately the question of whether to conduct separate trials under Rule 42(b) should be, and is, a matter left to the sound discretion of the trial court on the basis of the circumstances of the litigation before it.").

In analyzing the Motion to Bifurcate, I must consider the nature of a § 1983 claim. Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g.*, *Filarsky v. Delia*, ____ U.S. ____, 132 S. Ct. 1657 (2012). To state a claim under § 1983, "a plaintiff must aver

that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." *Wahi v. Charleston Area Medical Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *see Filarsky*, 132 S. Ct. at 1661; *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The *Monell* Court determined that local governmental bodies may be liable under § 1983 based on the unconstitutional actions of individual defendants, but only if those defendants were executing an official policy or custom of the local government that resulted in a violation of the plaintiff's rights. *Monell*, 436 U.S. at 690-91; *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). "Section 1983 plaintiffs seeking to impose liability on a municipality must . . . adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

Bifurcation is particularly common in § 1983 cases where claims are asserted against individual defendants as well as their supervisors and municipal employers. Courts have consistently found that "bifurcation of . . . *Monell* supervisory claims from the individual claims is appropriate and often desirable." *Brown*, RDB-11-1901, 2012 WL 2188338, at *4; *see also, e.g., Humbert v. O'Malley*, WDQ-11-0440, 2012 WL 1066478, at *2 (D. Md. Mar. 27, 2012); *James v. Frederick Cnty. Pub. Schs.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006); *Robertson v. Prince George's Cnty.*, 215 F. Supp. 2d 664, 665 (D. Md. 2002); *Dawson*, 896 F. Supp. at 540. This is because "a section 1983 failure-to-train claim cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the

employee." *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001).

In other words, a "Court may not impose vicarious liability" in a § 1983 action. *Dawson*, 896 F. Supp. at 540. Rather, a plaintiff's § 1983 claims against a municipality or a supervisor "hinge on his ability to show that [individual defendants] violated his constitutional rights." *Id.*; *see also Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) ("A claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised."), *cert. denied*, 502 U.S. 1095 (1992); *Burgess v. Balt. Police Dep't*, RDB-15-0834, 2016 WL 1159200, at *1 (D. Md. Mar. 23, 2016) ("Under 42 U.S.C. § 1983, a municipality or employer cannot be held vicariously liable based solely on an agency relationship."); *Williamson v. Prince George's Cnty.*, DKC-10-1100, 2011 WL 1065780, at *2 (D. Md. Mar. 21, 2011) ("A municipality can only be held liable under § 1983 if the plaintiff first establishes that some county employee violated his constitutional rights."); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991) ("Under Section 1983, to hold the [supervisor and municipal] Defendants liable, Plaintiff must first establish that at least one [individual] Defendant violated his constitutional rights.").

Further, § 1983 *Monell* cases "are good candidates for bifurcation because when no governmental employees are found liable, no subsequent trial of the municipality is necessary." *Beasley*, DKC-10-0049, 2010 WL 3221848, at *3. Put another way, "[b]ecause of the secondary nature of a municipality on potential liability under § 1983, courts have frequently bifurcated discovery and or trial so that cases proceed first with a trial against the individual defendant(s) alleged to be primarily liable." *Taylor v. Maryland*, DKC-10-2167, 2010 WL 5247903, at *2 (D. Md. Dec. 16, 2010); *see Burgess*, RDB-15-0834, 2016 WL 1159200, at *1 (finding bifurcation

appropriate "[g]iven the derivative nature of [the Baltimore Police Department's] potential liability"). In such circumstances, bifurcation will "streamline the issues for trial" and it "prevents prejudice to the individual defendants that would otherwise arise from the introduction of evidence of prior incidents of police brutality in order to make a case against the municipality." *Taylor*, DKC-10-2167, 2010 WL 5247903, at *2.

To "adequately plead" a *Monell* claim against Commissioner Batts, plaintiffs will undoubtedly rely on previous police brutality incidents by BPD officers. Contrary to plaintiffs' assertions that the Court relies on a "crystal ball" to speculate regarding what evidence will be introduced and whether it will be prejudicial (ECF 78-2 at 2), one need only look to the Amended Complaint, citing unrelated incidents of police brutality. *See* ECF 33, ¶¶ 19, 40, 66. As other courts have routinely found, "conflicts are obvious" in this scenario. *Dawson*, 896 F. Supp. at 540.

"Evidence of [a municipality's] custom, practice or policy may include evidence of 'prior incidents of police brutality, the nature of such incidents, and the municipal policy-makers' reaction to them.'" *Id.* (citations omitted). And, "[w]hile this evidence is most certainly relevant" to plaintiffs' case against Batts, "the Court would not likely allow it" in plaintiffs' case against the individual BPD Officer Defendants, nor is it relevant to the MSU Defendants. *Id.*; *see also Humbert*, WDQ-11-0440, 2012 WL 1066478, at *2 (noting that a plaintiff's submission of "evidence of prior misconduct by police officers" to demonstrate "deliberate indifference, or a custom or policy of constitutional violations . . . .would unduly prejudice" the individual defendants); *Beasley*, DKC-10-0049, 2010 WL 3221848, at *3 (finding that such evidence against a municipality "would be highly prejudicial to the individual government employees").

Bifurcating the claim against Batts will allow the Court to separate issues and evidence as

necessary to avoid prejudice and to insure fair proceedings. *See Beasley*, DKC-10-0049, 2010 WL 3221848, at *3 (stating that "bifurcation allows the court to isolate evidence regarding municipal policies and customs . . . ."); *Dawson*, 896 F. Supp. at 540 (discussing, in the context of a *Monell* claim coupled with allegations against individual officers, that "[t]he best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them"); *Marryshow*, 139 F.R.D. at 320 (finding that "[b]ifurcation facilitates a trial in which the Court can allow in evidence only that portion, if any, of the Plaintiff's custom, practice or policy evidence that is relevant and admissible . . . .").

Moreover, bifurcation will conserve resources and promote judicial economy. *See* Fed. R. Civ. P. 42(b). As discussed, resolving the claims against the BPD Officer Defendants is a prerequisite to establishing liability against Batts. *See Temkin*, 945 F.2d at 724; *Burgess*, RDB-15-0834, 2016 WL 1159200, at *1; *Williamson*, DKC-10-1100, 2011 WL 1065780, at *2; *Marryshow*, 139 F.R.D. at 319. Thus, "there is no reason to delve into matters relating to [the BPD's] policies and practice unless and until the officer Defendants are found to have violated the [plaintiffs'] constitutional rights." *Brown*, RDB-11-1901, 2012 WL 2188338, at *4.

### III. Conclusion

For the reasons set forth above, I will grant the Motion to Bifurcate the claims against Batts, and will stay discovery as to such claims, until such time as the claims are resolved as to the BPD Officer Defendants. Accordingly, I shall deny the Motion to Dismiss (ECF 55), without prejudice to the right to refile it if any of the BPD Officer Defendants are found liable.

An Order follows.

Date: September 15, 2016  /s/  
Ellen Lipton Hollander  
United States District Judge