## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

March 7, 2017

LETTER TO COUNSEL

> RE:    *Tawanda Jones, et al. v. Officer Nicholas David Chapman, et al.*;
>         Civil Case No. ELH-14-2627

Dear Counsel:

Pursuant to an order referring this case to me for discovery, [ECF No. 68], I have reviewed the pending Motion to Strike Tyrone Powers as an Expert Witness, Opposition, and Reply. [ECF Nos. 105, 116, 129]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, the Motion to Strike will be GRANTED.

## I.    Background

Plaintiffs Tawanda Jones as Personal Representative of the Estate of Tyrone A. West, Nashay West, Tyrone West, Jr., and Mary Agers as Guardian and next friend of minor child T.W. ("Plaintiffs") filed suit against Baltimore Police Department Officers Nicholas Chapman, Jorge Bernardez-Ruiz, Matthew Cioffi, Alex Hashagen, Eric Hinton, Danielle Lewis, Derrick Beasley, and Latreese Lee (collectively "BPO Defendants"), as well as Baltimore Police Department Commissioner Kevin Davis, Morgan State University Police Chief Lance Hatcher and Morgan State University Police Officer David Lewis, alleging the unreasonable seizure, assault, battery, and otherwise excessive and unwarranted use of force against Tyrone West, Sr. resulting in Mr. West's death. *See* Compl., [ECF No. 2].

The Court first entered a Scheduling Order on February 11, 2016. *See* [ECF No. 54]. According to that Order, Plaintiffs' 26(a)(2) expert disclosures were due on May 27, 2016, and Defendants' expert disclosures were due on June 21, 2016. *Id.* On May 23, 2016, Plaintiffs timely named two expert witnesses: 1) Dr. William L. Manion, M.D., Ph.D., JD, MBA, to testify regarding "Mr. West's cause and manner of death[,]" and 2) Dr. Tyrone Powers, Ph.D., to testify "as to the conduct of all Defendant Officers regarding each officers' individual and collective use of force[] and/or, whether the Defendant Officers' actions comported with proper police practices and procedures[.]" *See* [ECF No. 105-3]. Plaintiffs provided a curriculum vitae and a preliminary report for Dr. Manion, but only a curriculum vitae for Dr. Powers. *Id.* Plaintiffs expressly reserved the right to supplement and amend their expert witness designations at the conclusion of discovery. *Id.* In particular, Plaintiffs promised that Dr. Powers's written report would "be provided upon completion of his review of all discovery disclosed to Plaintiffs by all Defendants in this action." *Id.*

*Tawanda Jones, et al. v. Officer Nicholas David Chapman, et al.*
Civil Case No. ELH-14-2627
March 7, 2017
Page 2

While the original Scheduling Order set a discovery deadline of August 8, 2016, the Court granted in part the parties' joint request to extend discovery to August 11, 2016, [ECF Nos. 63, 65], and subsequently further extended discovery to December 20, 2016. [ECF No. 94]. On December 19, 2016, one day before the discovery deadline, Plaintiffs first submitted Dr. Powers's Rule 26(a)(2)(B) report to Defendants. *See* [ECF No. 105-8]. The BPO Defendants filed the instant motion to strike Dr. Powers's report. *See* [ECF No. 105].

## II.     Legal Standard

A party must disclose to its adversary the identity of any witness it plans to call at trial for the presentation of evidence. Fed. R. Civ. P. 26(a)(2)(A). A witness that is retained solely to provide expert testimony must prepare and sign a detailed written report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). This disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Further, "for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

If a court finds that a party's expert disclosure was untimely, the court must then determine the appropriate sanction. Rule 37(c) provides that if a party fails to disclose a witness pursuant to Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition to, or in place of automatic exclusion, Rule 37(c) also permits the court to "order payment of the reasonable expenses, including attorney's fees caused by the failure, inform the jury of the party's failure, and impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.*

## III.     Discussion

### A.   Timeliness of Disclosure

The BPO Defendants argue that Plaintiffs' May 27, 2016 Expert Designation Letter ("Expert Designation Letter") identified Dr. Powers as an expert witness, but failed to comply

*Tawanda Jones, et al. v. Officer Nicholas David Chapman, et al.*
Civil Case No. ELH-14-2627
March 7, 2017
Page 3

with the substantive information requirements of Rule 26(a)(2)(B)(i), (ii), and (iii).  Defs.' Mot., [ECF No. 105, 4].  The BPO Defendants maintain that Plaintiffs neither asked the Court for an extension nor raised the issue of Dr. Powers's outstanding report during subsequent discovery disputes, and ultimately produced Dr. Powers's report nearly seven months late without explanation.  *Id.*  The BPO Defendants further object to Plaintiffs' disclosure coming only one day prior to the parties' final discovery deadline, effectively curtailing the BPO Defendants' ability to review and respond to Dr. Powers's report.  *Id.*  The BPO Defendants claim that Plaintiffs' faulty disclosure of Dr. Powers's opinion invalidates his designation as an expert witness altogether.  *Id.* at 4-5.

Plaintiffs characterize Dr. Powers's report as a "supplement" to their initial expert disclosure, timely produced within the court-ordered period of discovery.  Pls.' Opp., [ECF No. 116-1, 4-5].  Plaintiffs aver that their Expert Designation Letter made clear that Dr. Powers's report would be provided "upon completion of his review of all discovery disclosed to Plaintiffs by all Defendants in this action."  *Id.* at 4.  Plaintiffs blame the Morgan State University Police Defendants' "own actions and delayed [discovery] responses … [for preventing] Dr. Powers from completing his expert reports."  *Id.*  Additionally, Plaintiffs counter that it is the *BPO Defendants*' motion to strike that is untimely – filed several months after the 14 day deadline for objecting to initial expert disclosures pursuant to Rule 26(3)(B).  *Id.* at 4-5.  However, in their Reply, the BPO Defendants insist that Plaintiffs' initial disclosure "said virtually nothing of substance[,]" thus "[u]ntil the December 19, 2016 supplement there was nothing for Defendants to object to."[1]  Defs.' Reply, [ECF No. 129, 2-3].

Dr. Powers's report does not qualify as a proper "supplement" to an earlier report, but rather an untimely initial Rule 26(a)(2) disclosure.  While Plaintiffs produced Dr. Manion's preliminary report in accordance with the Scheduling Order and the substantive requirements of Rule 26(a)(2)(B)(i)-(iii), they failed to do the same for Dr. Powers.  In fact, Plaintiffs failed to submit any report for Dr. Powers until the day before the discovery deadline.  The three-sentence description of Dr. Powers's anticipated testimony in Plaintiffs' Expert Designation Letter does not contain any opinion at all.  Moreover, to the extent Rule 26 accounts for the evolving nature of the discovery process by permitting parties to supplement their initial disclosures, it instructs parties "to supplement … information *included in the report and … information given during the expert's deposition*."  Fed. R. Civ. P. 26(e)(2).  Plaintiffs' December 19, 2016 disclosure accomplishes neither of these purposes, since Dr. Powers had not been deposed and no report had previously been produced.  In sum, Plaintiffs' designation of Dr. Powers as an expert witness on use of force and police practices and procedures was timely, but the submission of his report was grossly untimely under Judge Hollander's Scheduling Order.

**B.  Sanctions**

Plaintiffs alternatively argue that the BPO Defendants have failed to demonstrate that

---

[1] The BPO Defendants' position is well taken.  Had they attempted to object to the inadequacy of Plaintiffs' May 27, 2016 disclosure, Plaintiffs would have relied on their express promise to provide Dr. Powers's written report during discovery.

*Tawanda Jones, et al. v. Officer Nicholas David Chapman, et al.*
Civil Case No. ELH-14-2627
March 7, 2017
Page 4

they were prejudiced by the December 19, 2016 disclosure. Pls.' Opp., [ECF No. 116-1, 2 & 6-7]. Plaintiffs rely on the disclaimer in their Expert Designation Letter that Dr. Powers's report would be generated following the "'completion of his review of all discovery disclosed to Plaintiffs by all Defendants.'" *Id.* at 6. What is more, Plaintiffs argue that they produced Dr. Powers's report "promptly" after Morgan State University Police Defendants' delayed final discovery production. *Id.* Plaintiffs also contend that the BPO Defendants may still depose Dr. Powers if they so choose – thereby curing any harm stemming from the alleged surprise – since the start of trial is about five months away. *Id.* at 6-7. In Plaintiffs' view, then, any delay was both substantially justified and harmless. Pls.' Mot., [ECF No. 116, 1].

The BPO Defendants, in contrast, argue that Plaintiffs' "eleventh hour" submission of the substantive information required under Rule 26(a)(2)(B) unfairly deprives them of the opportunity to depose Dr. Powers and to request additional discovery materials in response to Dr. Powers's report. Defs.' Mot., [ECF No. 105-1, 4]; Def.'s Reply, [ECF No. 129, 2]. The BPO Defendants claim that Plaintiffs' Expert Designation Letter contained "boilerplate language" that did not reveal the nature of Dr. Powers's opinion. Defs.' Mot., [ECF No. 105-1, 3]; Def.'s Reply, [ECF No. 129, 2]. The BPO Defendants maintain that the timing of Dr. Powers's report circumvents meaningful expert disclosure under Rule 26(a) and prejudices the BPO Defendants at trial. Defs.' Mot., [ECF No. 105-1, 4-5]; Def.'s Reply, [ECF No. 129, 4-6]. Accordingly, the BPO Defendants contend that Rule 37(c) warrants exclusion of Dr. Powers's testimony and report. Def.'s Reply, [ECF No. 129, 4].

District courts have broad discretion in determining whether a nondisclosure is substantially justified or harmless. *See Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006). In *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003), the Fourth Circuit set forth several factors to guide district courts in making this determination. A court may consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). District courts need not expressly consider each *Southern States* factor when evaluating discovery violations. *See Hoyle v. Freightliner LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

Weighing these factors, the only appropriate resolution in this case is to strike Dr. Powers's report. The Court is mindful of the importance of Dr. Powers's expert testimony to Plaintiffs' case. However, each of the remaining *Southern States* factors weighs heavily in favor of exclusion. Despite Plaintiffs' suggestions that discovery can still be sought, the discovery period in this matter closed on December 20, 2016. *See* [ECF No. 94]. The surprise to the BPO Defendants therefore cannot be cured. The only two explanations for Plaintiffs' producing the report one day before the close of discovery are (1) neglect of the Scheduling Order or (2) a strategic decision to thwart Defendants' ability to respond. Neither explanation is substantially justified or harmless in this context. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (noting that a Scheduling Order "is not a frivolous piece of paper, idly

*Tawanda Jones, et al. v. Officer Nicholas David Chapman, et al.*
Civil Case No. ELH-14-2627
March 7, 2017
Page 5

entered, which can be cavalierly disregarded by counsel without peril").

Moreover, Plaintiffs' conduct during the discovery period does not establish that the delay in producing Dr. Powers's report was substantially justified. Plaintiffs did not, for instance, request an extension to provide Dr. Powers's preliminary report or produce Dr. Powers's report as to the BPO Defendants while waiting for the Morgan State University Police Defendants to complete their discovery responses. Plaintiffs offer no explanation for their failure to take those actions. Even assuming some information from the Morgan State University Police Defendants related to Dr. Powers's opinions, Morgan State University Police Officer David Lewis was deposed in late September, 2016 and Dr. Powers's report was not served for three more months. *See* Defs. Reply, [ECF No. 129, 3 n.1]. Granting the BPO Defendants the opportunity to depose Dr. Powers and to solicit related discovery would require modifying the trial schedule. Judge Hollander has previously referred to the need to operate in this case "without jeopardizing the trial date." [ECF No. 94, 3]. *See also, id.* ("Given the tight schedule in this case, I will not grant an open-ended extension."). In fact, summary judgment motions were due just days following the discovery deadline. *Id.* Those motions have now been briefed, so allowing further discovery would result in inherent and significant delays and disruption to the long-fixed trial schedule.

Indeed, it is precisely because Rule 37(c)'s "automatic exclusion" provision is severe that "prudence dictates that counsel be as complete and thorough as possible in making and supplementing Rule 26(a)(2)(B) disclosures." *Sullivan v. Glock*, 175 F.R.D. 497, 503 (D. Md. 1997). Plaintiffs' failure to do so here, and the lack of a viable alternative such as modifying the schedule, mandates that the BPO Defendants' motion be granted.

## IV.   Conclusion

For the reasons discussed above, the BPO Defendants' Motion to Strike, [ECF No. 105], is GRANTED, and Dr. Powers's report and proposed testimony is stricken as it pertains to the BPO Defendants.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge