IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAWANDA JONES, *et al.*
    *Plaintiffs*,

v.

Civil Action No. ELH-14-2627

NICHOLAS DAVID CHAPMAN, *et al.*,
    *Defendants*.

**MEMORANDUM**

On December 30, 2016, Baltimore City Police Officers Nicholas David Chapman; Jorge Omar Bernardez-Ruiz; Matthew Rea Cioffi; Eric Maurice Hinton; Alex Ryan Hashagen; Danielle Angela Lewis; Derrick Dewayne Beasley; and Latreese Nicole Lee (collectively, "BPD Officers") filed a motion for summary judgment (ECF 97), supported by a memorandum of law (ECF 97-3) (collectively, "Motion"). Plaintiffs oppose the Motion (ECF 106), supported by a memorandum of law (ECF 106-1) (collectively "Opposition"). The BPD Officers have replied. ECF 117.

In connection with the Motion, the BPD Officers also filed a motion to strike the Opposition. ECF 113 ("Motion to Strike"). They challenge the Opposition itself, as well as certain exhibits submitted with it.[1] Plaintiffs oppose the Motion to Strike (ECF 121), supported by a memorandum of law. ECF 121-1. The BPD Officers have replied. ECF 128.

---

[1] Rule 56(c)(2) permits a party to object to the presentation of inadmissible evidence at the summary judgment stage. But, "[t]here is no need to make a separate motion to strike." Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendments. In response to a well founded objection, a court will simply disregard the challenged evidence.

This Memorandum addresses only the Motion to Strike. No hearing is necessary to resolve the Motion to Strike. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion to Strike in part and deny it in part.

## I. The Contentions

In the Motion to Strike, the BPD Officers challenge the Opposition because it exceeded by six pages the 35 page limit set forth in Local Rule 105(3). ECF 113 at 3. The BPD Officers also challenge a host of exhibits submitted by plaintiffs in support of their Opposition to the Motion (ECF 97). In general, the challenges to the exhibits pertain to relevance, prejudice, and authentication.

In particular, the BPD Officers challenge various statements ("Officer Statements") provided by police officers to the Internal Affairs Division ("IAD") of the Baltimore City Police Department ("BPD"). All but two were made by defendants. In the Officer Statements, the officers provided accounts of the incident involving Mr. West.

The BPD Officers complain that the statements are unsworn and unauthenticated. These statements are as follows (ECF 113 at 2-3):

1. Plaintiffs' Exhibit D, Nicholas Chapman Statement (ECF 106-8, filed separately in paper format)

2. Plaintiffs' Exhibit E, Derrick Beasley Statement (ECF 106-9)

3. Plaintiffs' Exhibit F, Eric Hinton Statement (ECF 106-10)

4. Plaintiffs' Exhibit G, Alex Hashagen Statement (ECF 106-11)

5. Plaintiffs' Exhibit H, Latrice Lee Statement (ECF 106-12)

6. Plaintiffs' Exhibit I, Mathew Cioffi Statement (ECF 106-13)

7. Plaintiffs' Exhibit J, Danielle Lewis Statement (ECF 106-14)

8. Plaintiffs' Exhibit K, Corey Jennings Statement (ECF 106-15)

9. Plaintiffs' Exhibit L, Taras Hnatyshyn Statement (ECF 106-17)

In addition, the BPD Officers challenge plaintiffs' EXHIBIT T (ECF 106-27), which are excerpts from the U.S. Department of Justice ("DOJ"), Civil Rights Division, Investigation of the Baltimore City Police Department ("DOJ Report").[2] Based on the Executive Summary, the DOJ Report is certainly critical of a pattern and practice of the BPD in using excessive force, among other problematic conduct. *See* ECF 106-27 at 4. Defendants argue that consideration of the DOJ Report "would violate Rule 402 and [that it] should be excluded pursuant to Rule 403 of the Federal Rules of Evidence," because the "report does not describe or make any conclusions as to the Defendants' behavior in this case." ECF 113 at 3, n. 1.

In their reply (ECF 128), the BPD Officers add that the DOJ Report is irrelevant and unfairly prejudicial. They explain, *id.* at 4:

> The Department of Justice Report investigation makes broad assumptions about Baltimore Police Department practices rather than any specific conduct committed by the [individual] Defendants in this case. A finder of fact may put substantial weight on the conclusions of the Department of Justice in its report and may overlook the facts and legal arguments in the matter sought to be proved in the case at bar.

The BPD officers also seek to strike plaintiff's designation of Tyrone Powers, Ph.D., as an expert witness. ECF 113 at 3. They have incorporated an earlier motion to strike Dr. Powers. *See* ECF 105. However, because this issue is the subject of another motion, as discussed, *infra*, it will not be addressed in this Memorandum.

In their opposition to the Motion to Strike (ECF 121), plaintiffs explain that exhibits D through L are statements of individual BPD officers provided to the IAD in interviews during the course of the investigation of the death of Tyrone West. ECF 121-1 at 5-6. They also note that

---

[2] The excerpts include the Table of Contents and the "Executive Summary" in the DOJ Report, consisting of nine single-spaced pages of text.

the Officer Statements were produced by the BPD and the BPD Officers during discovery. In addition, plaintiffs contend that most of these statements are admissible as statements of party opponents. *Id.* at 5.

Plaintiffs also argue that the DOJ Report should not be stricken because plaintiffs' expert, Dr. Tyrone Powers, relied on the report to reach the opinions contained in his Expert Report. ECF 121 at 6-7. They do not address the arguments advanced by the defendants under Rules 402 and 403.

As to Dr. Powers, I note that, by Order of March 7, 2017 (ECF 130), Magistrate Judge Stephanie Gallagher granted the BPD Officers' motion to strike (ECF 105) plaintiff's designation of Dr. Powers as an expert witness. She ruled: "Dr. Powers's report and proposed testimony is stricken as it pertains to the [BPD Officer] Defendants." ECF 130 at 5. Plaintiffs moved for reconsideration. ECF 131. By Order of April 12, 2017 (ECF 143), Judge Gallagher denied plaintiffs' motion for reconsideration. On April 25, 2017, plaintiffs filed a "Motion To Set Aside Magistrate Judge Stephanie A. Gallagher's Order of March 7, 2017, Pursuant to Fed. R. Civ. P. 72(a) And 28. U.S.C. [sic] 636(b)(1)(A)." ECF 153. That motion is not yet ripe for resolution.

Finally, plaintiffs belatedly seek the Court's permission to file their 41-page Opposition to the BPD Officers' summary judgment Motion. *See* Local Rule 105(3). *Id.* at 7. In support of this request, plaintiffs point to the following factors, *id.*:

> A) the number of Defendants sued in this litigation; B) the continued active participation of bi-furcated [sic] Defendant Baltimore Police Department; and C) Plaintiffs' incorporation of facts and arguments in the 41 page memorandum has reduced the amount of necessary repetition in other responses of Plaintiffs. It is in the interest of judicial economy to permit discussion pertaining to all three Defendant parties in one document with minimal repetition.

## II. Discussion

### A.

In the context of summary judgment motions, Fed. R. Civ. P. 56(c) provides that each side must support its factual assertions with citation to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Notably, Fed. R. Civ. P. 56(c)(2) provides that a party may object that material cited by the other side "cannot be presented in a form that would be admissible in evidence." But, at the summary judgment stage, a party need not necessarily "produce evidence in a form that would be admissible at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). When the opposing party objects on admissibility grounds, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendments.

Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under Rule 402 of the Federal Rules of Evidence, "[r]elevant evidence is admissible" unless rendered inadmissible pursuant to some other particular legal provision, and "[i]rrelevant evidence is not admissible." Of course, under Rule 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of...unfair prejudice," or admission of the evidence would confuse the issues, mislead the jury, cause undue delay, waste time, or "needlessly" involve the presentation of "cumulative evidence." These relevance "principles apply to summary judgment motions." *Ziskie v. Mineta,* 547 F.3d 220, 225 (4th Cir. 2008).

Fed. R. Evid. 901 governs authentication of documentary or tangible evidence. It provides that the proponent of an "item of evidence" must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). But, "[t]he burden to authenticate under Rule 901 is not high." *Grimes v. Merritt*, No. CIV. A. JKB-11-2687, 2015 WL 5158722, at *5 (D. Md. Aug. 31, 2015). "To establish that evidence is authentic, a proponent need only present 'evidence sufficient to support a finding that the matter in question is what the proponent claims.'" *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009) (citation omitted).

The BPD Officers rely on *Orsi v. Kirkwood,* 999 F.2d 86, 92 (4th Cir.1993), to argue that "'[u]nsworn, unauthenticated documents cannot be considered on a motion for summary judgment.'" ECF 113 at 2 (alteration added) (citation omitted). However, defendants' "reliance on *Orsi* is misplaced, in light of the 2010 amendment to Rule 56…. Under amended Rule 56, 'facts in support of or opposition to a motion for summary judgment need not *be* in admissible form; the new requirement is that the party identifies facts that *could be* put in admissible form.'" *Grimes*, 2015 WL 5158722, at *4 (quoting *Wake v. Nat'l R .R. Passenger Corp.,* Civ. No. PWG–12–1510, 2013 WL 5423978 at *1 (D. Md. September 26, 2013)) (emphasis in *Wake*).

"Thus, instead of 'a clear, bright-line rule ("all documents must be authenticated"),' Rule 56(c)(2) now prescribes a 'multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial.'" *Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 407 (D. Md. 2015) (citation omitted); *see also Niagara Transformer Corp. v. Baldwin Techs., Inc.*, No. CIV.A. DKC 11-3415, 2013 WL 2919705, at *1 n. 1 (D. Md. June 12, 2013) ("The 2010 amendments to Fed. R. Civ. P. 56(c)(2) . . . eliminated the

unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated.") (citation and internal quotation marks omitted).

**B.**

I turn first to the Officer Statements. It is undisputed that they were made by the persons identified, and were produced by defendants in discovery. Authentication is a specious issue.

Defendants "cannot have it both ways. They cannot voluntarily produce documents and implicitly represent their authenticity and then contend they cannot be used by the Plaintiffs because the authenticity is lacking." *Indianapolis Minority Contractions Ass'n, Inc. v. Wiley*, No. IP 94-1175-C-T/G, 1998 WL 1988826, at *6 (S.D. Ind. May 13, 1998), *aff'd*, 187 F.3d 743 (7th Cir. 1999); *see Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 553 (D. Md. 2007) (citing *Indianapolis Minority Contractions Ass'n, Inc.* for the proposition that "documents provided to a party during discovery by an opposing party are presumed to be authentic[.]"). *See also Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) ("documents produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901."); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1089 (5th Cir. 1988) (same); *United States v. Brown,* 688 F.2d 1112, 1114–15 (7th Cir.1982) (The act of production is an implicit authentication of documents produced.); 31 *Federal Practice & Procedure: Evidence* § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as...production of items in response to... [a] discovery request.[]").

I note that, aside from the statements of Corey Jennings and Taras Hnatyshyn, all of the Officer Statements to IAD are statements of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A) (providing that a statement is not hearsay if it is "offered against an opposing party" and "was made by the party in an individual or representative capacity"). Moreover, the officers who are defendants in this case were represented by counsel during the interviews with IAD. These statements are not signed and, to my knowledge, they were not given under oath. However, the Officer Statements were recorded. It is readily apparent that the persons who made the statements could be called to testify at trial to provide information as to what occurred at the scene. At this juncture, in connection with the Opposition to the summary judgment Motion, there is no merit to the challenge to the officers' pretrial statements.

As to the DOJ Report, I agree with defendants that the DOJ Report has no place at the trial of the BPD Officers. It is irrelevant and unduly prejudicial in the context of this case.

By way of background, in the widely publicized case of *Baltimore City Consent Decree, USA v. Police Department of Baltimore City, et al.*, 17-cv-0099-JKB, the government explained the origin of the DOJ Report. It said, ECF 1 (Complaint), ¶ 20: "Following the April 2015 death of Freddie Gray in police custody, Baltimore Mayor Stephanie Rawlings-Blake asked the United States Department of Justice, Civil Rights Division, to conduct a pattern-or-practice investigation of BPD's police practices."[3] The resulting DOJ Report reviews instances of improper and unlawful police practices by the BPD.

---

[3] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they

The DOJ Report culminated in a Consent Decree involving the BPD. *See* 17-cv-0099-JKB, ECF 39, Memorandum and Order entering the Consent Decree (noting that "[t]he Court has reviewed the deeply troubling report prepared by the Department of Justice and referred to in the memorandum in support of the joint motion asking that the proposed decree be entered.").

In general, the death of Freddie Gray and the Consent Decree have been the subject of intense media coverage, both in Maryland and nationally. But, to my knowledge, the DOJ Report does not specifically pertain to the incident involving Mr. West or the officers named in this suit. Therefore, as to this case, it is not probative of any issue.

Moreover, as to the BPD Officers, any possible probative value of the DOJ Report would be "substantially outweighed by a danger of...unfair prejudice…" Fed. R. Evid 403. The jury may be unduly influenced by the DOJ Report, and defer to the conclusions and findings contained in that report that are critical of the BPD, in lieu of considering the actual facts of this case, as presented at trial, and legal arguments pertinent to this case. Accordingly, I shall disregard the DOJ Report (ECF 106-27).

Finally, in the exercise of my discretion, I shall permit plaintiffs to file their 41-page Opposition (ECF 106-1). To be sure, plaintiffs should have sought permission from the Court to file the Opposition. Nevertheless, given the number of defendants who moved for summary judgment (*see* ECF 97, ECF 99, and ECF 100), the length of the Opposition is justified.

---

are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Of import here, in *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Court recognized that a district court may "properly take judicial notice of its own records."

An Order follows.

Date: April 28, 2017

      /s/
Ellen Lipton Hollander
United States District Judge