IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAWANDA JONES, *et al.* <br> *Plaintiffs*, <br><br> v. <br><br> NICHOLAS DAVID CHAPMAN, *et al.*, <br> *Defendants*. | Civil Action No. ELH-14-2627 |

**MEMORANDUM**

This case arises from the death of Tyrone West while in police custody. Tawanda Jones, as Personal Representative of the Estate of Tyrone West; Nashay West; Tyrone West, Jr.; and Mary Agers, as Guardian and next friend of T.W., a minor, filed various claims against a host of defendants, including a claim under 42 U.S.C. § 1983 for the use of excessive force. This Memorandum concerns plaintiffs' designation of Tyrone Powers, Ph.D. as an expert on "Use of Force and Police Practices and Procedures" and the conduct of "all Defendant Officers" (ECF 105-3 at 2), as well as the subsequent submission of Dr. Powers's report. *See* ECF 105-8.

On January 20, 2017, some of the defendants, including Baltimore City Police Officers Nicholas David Chapman; Jorge Omar Bernardez-Ruiz; Matthew Rea Cioffi; Eric Maurice Hinton; Alex Ryan Hashagen; Danielle Angela Lewis; Derrick Dewayne Beasley; and Latreese Nicole Lee (collectively, "BPD Officers"), filed a "Motion to Strike Plaintiff's [sic] Designation of Tyrone Powers as an Expert Witness", supported by a memorandum of law (ECF 105-1) (collectively, "Motion to Strike") and several exhibits. ECF105-2 to ECF 105-8. In sum, they argued that the content of the designation failed to comply with Fed. R. Civ. P. 26(a)(2)(B) and that the submission of the expert report was untimely. Plaintiffs opposed the Motion to Strike

(ECF 116), supported by a memorandum of law (ECF 116-1) (collectively, "Opposition") and two exhibits. ECF 116-2; ECF 116-3. The BPD Officers replied. ECF 129.

By Order of March 7, 2017 (ECF 130), United States Magistrate Judge Stephanie Gallagher granted the BPD Officers' Motion to Strike (ECF 105).[1] She ruled: "Dr. Powers's report and proposed testimony is stricken as it pertains to the [BPD Officer] Defendants." ECF 130 at 5. Plaintiffs moved for reconsideration. ECF 131. The BPD Officer opposed the motion. ECF 142. By Order of April 12, 2017 (ECF 143), Judge Gallagher denied plaintiffs' motion for reconsideration.

On April 25, 2017, plaintiffs filed a "Motion To Set Aside Magistrate Judge Stephanie A. Gallagher's Order of March 7, 2017, Pursuant to Fed. R. Civ. P. 72(a) And 28. U.S.C. [sic] 636(b)(1)(A)." ECF 153 ("Objection"). The BPD Officers oppose the Objection (ECF 163), for the reasons previously set forth in their Motion to Strike (ECF 105), their reply to the Motion to Strike (ECF 129), and their opposition to plaintiffs' motion to reconsider. ECF 142.

No hearing is necessary to resolve the Objection. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Objection.

### I. Procedural Background

The Court entered a Scheduling Order on February 11, 2016. ECF 54. According to that Order, plaintiffs' Rule 26(a)(2) expert disclosures were due on May 27, 2016, and defendants' expert disclosures were due on June 21, 2016. *Id.* I set August 8, 2016, as the deadline for discovery. *Id.* And, I set a deadline of September 7, 2016, for dispositive motions. *Id.*

On May 27, 2016, plaintiffs timely named two expert witnesses: 1) Dr. William L. Manion, M.D., Ph.D., JD, MBA, to testify regarding "Mr. West's cause and manner of death",

---

[1] By Order of July 28, 2016 (ECF 68), I referred discovery disputes to Judge Gallagher.

and 2) Dr. Tyrone Powers, Ph.D., to testify "as to the conduct of all Defendant Officers regarding each officers' [sic] individual and collective use of force; and/or, whether the Defendant Officers' actions comported with proper police practices and procedures[.]" *See* ECF 105-3 ("Expert Designation Letter"), at 2. Plaintiffs provided a curriculum vitae and a preliminary report for Dr. Manion, but only a curriculum vitae for Dr. Powers. ECF 105-3. Plaintiffs did not provide any information as to what opinions Dr. Powers would offer. Instead, plaintiffs expressly reserved the right to supplement and amend their expert witness designations at the conclusion of discovery. *Id.* at 3. In particular, plaintiffs promised that Dr. Powers's written report would "be provided upon completion of his review of all discovery disclosed to Plaintiffs by all Defendants in this action." *Id.* at 2.

On July 7, 2016, the parties filed a joint motion to extend the discovery deadline by 90 days. ECF 63. A few days later, on July 11, 2016, I held a conference call with counsel to discuss the joint motion. ECF 64. By Order of the same date (ECF 65), I extended the discovery deadline through August 11, 2016.

The Court issued another Order on October 14, 2016. ECF 90. Among other things, I extended until November 30, 2016, the deadline for defendants' summary judgment motion. I also allowed plaintiffs an extended time to respond, until January 9, 2017. *Id.* The reply was due in the ordinary course. *Id.* Notably, I also set a trial date of July 10, 2017. *Id.*

At 5:05 P.M. on Friday, November 18, 2016, well after the deadline for discovery had expired, the BPD Officer Defendants filed a motion to extend the time to submit their motion for summary judgment, because of difficulties in obtaining the deposition of a critical eyewitness,

Corinthia Servance. ECF 93. These difficulties arose during the discovery period. *Id.*[2] By Order of November 22, 2016 (ECF 94), I extended the discovery deadline to December 20, 2016. *Id.* And, I extended until January 3, 2017, the deadline for summary judgment motions. *Id.* In the Order, I emphasized the "tight schedule in this case" and the need to avoid "jeopardizing the trial date." *Id*. at 3.[3]

Then, on December 19, 2016, one day before the extended discovery deadline, plaintiffs disclosed Dr. Powers's Rule 26(a)(2)(B) report to defendants. *See* ECF 105-8. The report is docketed at ECF 106-17. The report states that its "purpose" is "to provide an Analysis and Assessment of Liability; and to evaluate procedures utilized by Officer Nicholas David Chapman, et. al. and their contact with contact Tyrone West on July 18, 2013." *Id.* at 2. Dr. Powers concluded in the report that the force deployed against Mr. West "was unjustified, unconstitutional and excessive and not consistent with police standards, practices and policies." *Id.* at 43.

The BPD Officers filed the Motion to Strike on January 20, 2017. ECF 105. They argued that although plaintiffs' Expert Designation Letter of May 27, 2016, identified Dr. Powers as an expert witness, it failed to comply with the substantive requirements of Fed. R. Civ. P.

---

[2] In a status report of August 11, 2016 (ECF 73), defense counsel claimed that Ms. Servance, who was represented by counsel, was avoiding service of process for a deposition. On September 2, 2016, defendants moved to compel the deposition of another witness, James Price. ECF 79; ECF 79-1. Inexplicably, they did not file such a motion as to Ms. Servance. *See* ECF 94.

[3] The BPD Officer Defendants stated in the motion for extension that they had sought the consent of plaintiffs' attorneys, but were unable to reach them, either by email or telephone. ECF 93, ¶¶ 2-3. Because of the impending deadline for summary judgment motions, and the unavailability of plaintiff' counsel, I ruled prior to receipt of a response from plaintiffs. However, in the Order (ECF 94), I gave plaintiffs until November 29, 2016, to "move to rescind this Order as improvidently granted." *Id.* at 4. Notably, plaintiffs did not move to rescind my Order. *See* Docket.

26(a)(2)(B)(i), (ii), and (iii), discussed *infra*. ECF 105-1 at 4. According to the BPD Officers, plaintiffs neither asked the Court for an extension nor raised the issue of Dr. Powers's outstanding report during subsequent discovery disputes. *Id.* Ultimately, plaintiffs produced Dr. Powers's report nearly seven months late, without explanation. *Id.*

In addition, the BPD Defendants complained that the Expert Designation Letter contained "boilerplate language" that did not reveal the nature of Dr. Powers's opinion. *Id.* at 3. And, the BPD Defendants maintained that plaintiffs' "eleventh hour" submission of the substantive information required under Fed. R. Civ. P. 26(a)(2)(B) unfairly deprived them of the opportunity to depose Dr. Powers and to request additional discovery materials in response to Dr. Powers's report. ECF 129 at 2; *see also* ECF 105-1 at 4.

In their Opposition, plaintiffs characterize Dr. Powers's report as a "supplement" to their timely initial expert disclosure. ECF 116-1 at 4-5. Plaintiffs aver that their earlier Expert Designation Letter made clear that Dr. Powers's report would be provided "upon completion of his review of all discovery disclosed to Plaintiffs by all Defendants in this action." *Id.* at 4. Plaintiffs blame the Morgan State University ("MSU") Defendants' "delayed [discovery] responses… [for] prevent[ing] Dr. Powers from completing his expert reports." *Id.* But, plaintiffs did not provide any additional detail regarding the particular discovery responses from MSU that they claim were delayed but necessary for Dr. Powers to complete his report. Plaintiffs also argued that any surprise to the BPD Officers could be cured because they "ha[d] ample time to depose Dr. Powers as the parties are approximately 5 months from trial." *Id.* at 7.

In their Reply (ECF 129), the BPD Officers explained that they did not object to the delayed report sooner because plaintiffs' initial disclosure "said virtually nothing of

substance….." *Id.* at 2. Accordingly, "[u]ntil the December 19, 2016 supplement there was nothing for Defendants to object to." *Id.* at 3.

As noted, by Order of March 7, 2017 (ECF 130), Judge Gallagher granted the BPD Officers' Motion to Strike (ECF 105). In reaching her decision to grant the Motion to Strike (ECF 105), Judge Gallagher first determined that "Dr. Powers's report does not qualify as a proper 'supplement' to an earlier report, but rather an untimely initial Rule 26(a)(2) disclosure." ECF 130 at 3. She reasoned, *id.* (emphasis in original):

> In fact, Plaintiffs failed to submit any report for Dr. Powers until the day before the discovery deadline. The three-sentence description of Dr. Powers's anticipated testimony in Plaintiffs' Expert Designation Letter [of May 27, 2016] does not contain any opinion at all. Moreover, to the extent Rule 26 accounts for the evolving nature of the discovery process by permitting parties to supplement their initial disclosures, it instructs parties "to supplement … information *included in the report and … information given during the expert's deposition*." Fed. R. Civ. P. 26(e)(2). Plaintiffs' December 19, 2016 disclosure accomplishes neither of these purposes, since Dr. Powers had not been deposed and no report had previously been produced. In sum, Plaintiffs' designation of Dr. Powers as an expert witness on use of force and police practices and procedures was timely, but the submission of his report was grossly untimely under Judge Hollander's Scheduling Order.

After evaluating the factors articulated in *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) ("*Southern States*"), Judge Gallagher concluded that "the only appropriate resolution in this case [was] to strike Dr. Powers's report." ECF 130 at 4. Judge Gallagher was "mindful of the importance of Dr. Powers's expert testimony to Plaintiffs' case." *Id.* But, she concluded that each of the *Southern States* factors "weighs heavily in favor of exclusion." ECF 130 at 4. Judge Gallagher reasoned, *id.* at 4-5 (emphasis added):

> Despite Plaintiffs' suggestions that discovery can still be sought, the discovery period in this matter closed on December 20, 2016. *See* [ECF No. 94]. The surprise to the BPO Defendants therefore cannot be cured. The only two explanations for Plaintiffs' producing the report one day before the close of

discovery are (1) neglect of the Scheduling Order or (2) a strategic decision to thwart Defendants' ability to respond. Neither explanation is substantially justified or harmless in this context….

Moreover, Plaintiffs' conduct during the discovery period does not establish that the delay in producing Dr. Powers's report was substantially justified. Plaintiffs did not, for instance, request an extension to provide Dr. Powers's preliminary report or produce Dr. Powers's report as to the [BPD Officer] Defendants while waiting for the Morgan State University Police Defendants to complete their discovery responses. Plaintiffs offer no explanation for their failure to take those actions. Even assuming some information from the Morgan State University Police Defendants related to Dr. Powers's opinions, Morgan State University Police Officer David Lewis was deposed in late September, 2016 and Dr. Powers's report was not served for three more months….Granting the [BPD Officer] Defendants the opportunity to depose Dr. Powers and to solicit related discovery would require modifying the trial schedule. **Judge Hollander has previously referred to the need to operate in this case "without jeopardizing the trial date."** [ECF No. 94, 3]….In fact, summary judgment motions were due just days following the discovery deadline. *Id.* Those motions have now been briefed, so **allowing further discovery would result in inherent and significant delays and disruption to the long-fixed trial schedule.**

Judge Gallagher concluded that "the lack of a viable alternative such as modifying the schedule, mandate[d] that the [BPD Officer] Defendants' motion be granted." *Id.* at 5.

By Order of April 12, 2017 (ECF 143), Judge Gallagher denied plaintiffs' motion for reconsideration (ECF 131). Judge Gallagher noted that the motion for consideration did not raise any new arguments. ECF 143.

Thirteen days later, on April 25, 2017, plaintiffs filed the instant Objection. ECF 153.

## II. Discussion

### A.

Fed. R. Civ. P. 72(a) provides that, within fourteen days, a party may object to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Local Rule 301.5(a); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 792 (E.D. Va. 2008). Rule 72(a) provides that the district court should only overrule the magistrate judge if the

contested order is "clearly erroneous or is contrary to law." *Id.*; *see Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

"Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010) (citations omitted). "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan*, 206 F.R.D. at 124. Indeed, "[I]t is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." C. Wright and A. Miller, *Federal Practice and Procedure Civil*, § 3069 (2d ed.).

Rules 26 and 37 of the Federal Rules of Civil Procedure are pertinent.

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose" to its adversary "the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." If the witness is retained to provide expert testimony, the disclosure must be accompanied by a written report, prepared and signed by the witness, and include the following, under Fed. R. Civ. P. 26(a)(2)(B):

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

This disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Further, "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

If a court finds that a party's expert disclosure was untimely, the court must then determine the appropriate sanction. Fed. R. Civ. P. 37(c)(1) provides that if a party fails to disclose a witness pursuant to Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." In addition to, or in place of automatic exclusion, Rule 37(c) also permits the court to "order payment of the reasonable expenses, including attorney's fees caused by the failure;" "inform the jury of the party's failure;" and "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

The court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *Southern States,* 318 F.3d at 597. In making this determination, the Court is guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* District courts need not expressly consider each *Southern*

*States* factor when evaluating discovery violations. *See Hoyle v. Freightliner LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

**B.**

In their Objection (ECF 153), plaintiffs reiterate their contention that Dr. Powers's report was timely because "Dr. Powers' designation detailed clearly and unambiguously the substance and nature of his opinion; and that his designation would be supplemented once Defendants' actually provided discovery responses[.]" *Id.* at 3.

Alternatively, plaintiffs argue that, even if the Court finds that the report was untimely, the untimely disclosure was "harmless." *Id.* at 4. According to plaintiffs, Judge Gallagher failed to evaluate properly the *Southern States* factors. ECF 153 at 2. In particular, they contend that the BPD Officers had and "still have ample time" to depose Dr. Powers before the trial, because plaintiffs provided the report approximately seven months prior to the trial date. *Id.* at 4. Plaintiffs point out that the BPD Officers "have never requested or noted the deposition of Dr. Powers." *Id.*

Plaintiffs also dispute Judge Gallagher's assertion that "[t]he only two explanations for Plaintiffs' producing the report one day before the close of discovery are (1) neglect of the Scheduling Order or (2) a strategic decision to thwart Defendants' ability to respond." ECF 130 at 4; *see* ECF 153 at 2. Rather, they contend that the reason that Dr. Powers's report was not disclosed sooner is due to the "untimely discovery responses of co-defendant MSU and the Plaintiffs' inability to depose all relevant witnesses in this matter for which depositions were noted." ECF 153 at 5.

**C.**

Plaintiffs' Rule 26(a)(2) expert disclosures were due on May 27, 2016. ECF 54. Plaintiffs timely designated Dr. Powers as an expert witness on use of force and police practices and procedures. But, mere designation is not enough; designation alone does not comport with the requirements of Rule 26(a). The submission of Dr. Powers's report on December 19, 2016 was untimely; it was produced one day before the extended discovery deadline, and nearly seven months after the expert designation deadline of May 27, 2016. ECF 105-8.

Although plaintiffs emphasize that in their Expert Designation Letter, they informed defendants that Dr. Powers's report would not be provided until the completion of discovery, Fed. R. Civ. P. 26(a)(2)(B) clearly mandates that when disclosing an expert witness, the disclosure "must be accompanied by a written report[.]" As noted by Judge Gallagher, the three-sentence description of Dr. Powers's anticipated testimony in plaintiffs' Expert Designation Letter does not contain any opinion at all; it certainly did not meet the substantive information requirements of Rule 26(a)(2)(B)(i), (ii), and (iii).

Plaintiffs insist that defendants were not harmed by the untimely disclosure because Dr. Powers's report was produced approximately seven months before the trial date. ECF 153 at 4. But, as noted, the report was produced only two weeks before the deadline for summary judgment motions (ECF 94). The belated production was in total disregard of the deadlines set by the Court, which had already been extended two times.

In the absence of yet another discovery extension, the BPD Officers were effectively precluded from deposing Dr. Powers and soliciting related discovery. And, granting the BPD Officer Defendants the opportunity to depose Dr. Powers, in order to "cure the surprise" to the

BPD Officers, would have jeopardized the previously extended deadline for the filing of dispositive motions, as well as the trial date itself. *Southern States,* 318 F.3d at 597,

Plaintiffs' suggestion that there was adequate time to accomplish discovery and the summary judgment motions also ignores the burden on the Court that would have ensued. It takes at least six weeks to brief dispositive motions in full. And, this case is one of several hundred assigned to the Court. It is unreasonable to expect that, the instant a summary judgment motion is fully briefed, the Court can immediately turn to the summary judgment motion, particularly in a case such as this, in which plaintiffs assert multiple causes of action.[4]

As indicated, a court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *Southern States,* 318 F.3d at 597. In my view, Judge Gallaher's decision to strike the untimely expert report was reasonable and was reached after careful consideration of the *Southern States* factors. In particular, Judge Gallagher determined that the BPD Officers were harmed by the untimely disclosure, and that the untimely disclosure was not justified. Judge Gallagher's decision in ECF 130 is well reasoned, supported by law, and devoid of clear error. I concur with it.

I note, however, that Dr. Powers's report is also pertinent to plaintiffs' *Monell*[5] and supervisory claims against the BPD; former Commissioner Anthony W. Batts; and Commissioner Kevin Davis ("BPD Defendants"). The BPD Defendants did not move to strike Dr. Powers's designation as an expert witness. Nor would the BPD Defendants be prejudiced by the delayed production of the report, given that *Monell* claims have been bifurcated.

---

[4] Indeed, the Court has already devoted countless hours to the motions for summary judgment, and the work is not yet done. An extension of the date for filing summary judgment motions would have created genuine logistical issues, given the Court's busy calendar.

[5] *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Accordingly, if the *Monell* and supervisory claims proceed to trial, plaintiffs will be permitted to pursue their use of Dr. Powers as an expert.

An Order follows.

Date: May 24, 2017 /s/
Ellen Lipton Hollander
United States District Judge