IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAWANDA JONES, *et al.*

   *Plaintiffs*,

   v.

NICHOLAS DAVID CHAPMAN, *et al.*,

   *Defendants*.

Civil Action No. ELH-14-2627

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, it is this 7th day of June, 2017, by the United States District Court for the District of Maryland, ORDERED:

1)    The Motion for Summary Judgment (ECF 97), filed by the BPD Officers and joined by MSU Officer David Lewis (ECF 100), is GRANTED as to all claims challenging the legality of the traffic stop, the arrest of Mr. West, and the claim of deliberate indifference to a serious medical need claim.  It is DENIED as to all claims related to the use of excessive force and as to the wrongful death and survival claims, except as to Officer Danielle Lewis;

2)    As to Officer Danielle Lewis, the Motion for Summary Judgment (ECF 97) is GRANTED as to all claims;

3)    As to Officer Chapman, the Motion for Summary Judgment (ECF 97) is DENIED as to all claims related to the search of the passenger compartment of Mr. West's vehicle;

4)  The Motion for Partial Summary Judgment (ECF 99), filed by the BPD Defendants, is GRANTED as to the *Monell* and supervisory claims regarding the traffic stop; Mr. West's arrest; and as to the claim of deliberate indifference to a serious medical need. It is DENIED as to the *Monell* and supervisory liability claims related to positional asphyxia; the search of the passenger compartment of Mr. West's vehicle; and the use of excessive force.[1]

/s/
Ellen Lipton Hollander
United States District Judge

---

[1] I recognize that the BPD Defendants did not seek summary judgment on the use of force claim. But, for clarity, I have mentioned it.